# CASES ARGUED AND DETERMINED

IN THE

# SUPREME COURT

OF THE

## STATE OF WISCONSIN.

---

### WYMAN vs. GOODRICH.

*Statute of Frauds—Guaranty.*

Where the owner of a note, as part of the terms of sale thereof, guaranties its payment, his contract is not within the statute of frauds.

APPEAL from the Circuit Court for *Rock* County.

The plaintiff appealed from an order setting aside a verdict in his favor and granting a new trial. The case is stated sufficiently in the opinion.

*Bates & Nichols*, for appellant, to the point that the defendant's contract of guaranty was not within the statute of frauds, cited *Brown v. Curtiss*, 2 Coms. 225; *Cardell v. McNiel*, 21 N. Y. 336; *Mallory v. Gillett*, id. 412; *Nelson v. Boynton*, 3 Met. 396; *Dyer v. Gibson*, 16 Wis. 557.

*Bennett & Norcross*, for respondent, cited *Eastwood v. Kenyon*, 11 Ad. & Ell. 438 (39 Eng. C. L. 137); *Saunders v. Wakefield* 4 Barn. & Ald. 595; *Jenkins v. Reynolds*, 3 Brod. & Bing. 14; *Morley v. Boothby*, 3 Bing. 107; *Brewster v. Silence*, 8 N. Y. 207; 2 Parsons on Con. 9; Parsons' Merc. Law, 73; Story on Con. 733; *Emerick v. Sanders*, 1 Wis. 77, 100; *Taylor v. Pratt*, 3 id. 696, 698; *Wood v. Wheelock*, 25 Barb. 626, 630.

PAINE J.    This is an action upon a guaranty for the payment of a note of a third party, which was sold by the defendant to the plaintiff, for a valuable consideration, and guarantied by him and two others as a part of the terms of sale.

The plaintiff had a verdict on the trial, and the court afterward granted a motion for a new trial.    The only ground relied on for granting this motion is, that the guaranty was void within the statute of frauds, for not expressing any consideration.    But it seems to be the precise case which has been settled not to be within the statute, if any question arising under that statute can be considered settled.    The opinion of COMSTOCK, C. J., in *Mallory v. Gillett*, 21 N. Y. 412, contains the most lucid and satisfactory exposition of this subject that has ever fallen under my observation.    Adopting the celebrated classification of cases under the statute made by Chief Justice KENT in *Leonard v. Vredenburg*, 8 Johns. 29, as substantially correct, he proceeds to point out the difference between the second class, which is within the statute, and the third, which is not.    The promise is alike in both cases, and is in form to answer for the still subsisting debt of another.    But the difference between the two classes grows out of the nature of the consideration.    In the second class the consideration is one moving between the creditor and his original debtor.    Here, although such consideration is sufficient to sustain the new promise, if it is made as the statute requires, yet the party promising still occupies only the relation of surety to the original debtor.    It was for his benefit that the promise was made, and the case is within the statute.    But in the third class, although the promise is in the same form, yet it is made upon a new and original consideration moving between the creditor and the party promising, in an independent dealing between them entered into by the promisor for his own benefit, and in which the original debtor has no interest. It is this element of benefit to the promisor which con-

stitutes the promise new and original in that sense which takes the case out of the statute.

The case of a party transferring for value securities which he owns, and, as a part of the contract, guarantying their payment or collection, is so obviously within this third class as not to require discussion. See the remarks in the case last cited, on page 423, and the case of *Cardell v. McNiel*, in the same volume, p. 336; also *Dyer v. Gibson*, 16 Wis. 557.

*By the Court.*—The order granting the new trial is reversed, and the cause remanded for further proceedings.