## PUTNEY VS. FARNHAM, Garnishee.

STATUTE OF FRAUDS—GARNISHMENT: *Promise of A. to pay his debt to B. by paying B.'s debt to C.—Garnishment of A. by creditor of B.*

1. In case of simple contract, where one makes a promise to another for the benefit of a third person, such third person can maintain an action upon the promise, though the consideration does not move from him.
2. After notice of such promise given to such third person and assented to by him, the promisee cannot forbid payment to him, or without his consent require payment to be made to himself—even if he could do so before such notice and assent, which is not decided.
3. Where a debtor promised orally to pay part of his debt by paying his creditor's indebtedness to a third person, the latter being notified of such understanding and having assented thereto: *Held,* that the promise, being one to pay in a certain manner *the promisor's own debt,* was not within the statute of frauds; and the promisor was not liable for the amount in garnishment by a judgment creditor of the promisee, although the garnishee process was served before actual payment to the third party.
4. Where in garnishee proceedings before a justice, plaintiff claimed and defendant denied that the latter was liable on the facts stated in his answers to the interrogatories, but the parties in fact offered, and the justice received, other evidence on that subject, and the garnishee appealed from a judgment against him for a sum exceeding fifteen dollars—*quære,* whether he was entitled to a jury trial in the circuit court, or whether that court might properly determine the cause upon the defendant's answers alone.

APPEAL from the Circuit Court for *Waukesha* County.

In an attachment suit in justice's court, brought by *Putney* against one Corlett, judgment was rendered against the latter for $8.30 damages, and $7.00 costs. *Farnham* was garnisheed in said suit, and after he had made answer to the interrogatories put to him before the justice, plaintiff demanded judgment against him, as garnishee, upon his answers, for the full amount of the judgment against Corlett, and for costs of the garnishee suit. *Farnham* denying such liability, other evidence was introduced, on both sides, and received by the justice; and judgment was rendered against *Farnham*, as demanded by the plaintiff, for the sum of $20.99. *Farnham* appealed to the circuit court, and

there demanded a jury trial; but the court held that there was properly no issue of fact before the justice (no objection having been taken to the garnishee's answer to interrogatories), and refused a jury trial; and it also affirmed the judgment of the justice. From this decision *Farnham* appealed.

*Wm. S. Hawkins* (with *A. B. Braley*, of counsel), for appellant, contended, 1. That *Farnham* was entitled to a trial by jury in the circuit court. R. S. ch. 120, sec. 217; ch. 130, secs. 50, 53. 2. That the promise of *Farnham* to pay the claims of Pratt and others, against Corlett, was not within the statute of frauds. *Hargreaves v. Parsons*, 13 M. & W. 561; *Eastwood v. Kenyon*, 11 Ad. & El. 438; *Barker v. Bucklin*, 2 Denio, 45; 2 Parsons on Con., 1st ed. 302, note *m*; *Emerick v. Sanders*, 1 Wis. 77; *Cotterill v. Stevens*, 10 id. 422; *Johnson v. Gilbert*, 4 Hill, 178.

*Samuel A. Randles* and *Vernon Tichenor*, for respondent, contended that *Farnham* was not entitled to a jury trial either before the justice or in the circuit court (R. S. ch. 120, sec. 123; ch. 130, sec. 50; *Davis v. Pawlette*, 3 Wis. 306); and that his promise to pay Corlett's creditors was void. *Reynolds v. Carpenter*, 3 Chand. 31; *Taylor v. Pratt*, 3 Wis. 674; *McDonald v. Dodge*, 10 id. 106; *Osborne v. Farmers' L. & T. Co.*, 16 id. 35; *Freeholders v. Thomas*, 5 C. E. Green (N. J.), 39.

DIXON, C. J.   The question as to the right of trial by jury need not be decided, as the judgment must be reversed on the merits, and that question may not arise again.   The court below ruled out all other testimony, and held, on the defendant's own answer or disclosure as garnishee, that his promise to pay the debts due from Corlett to Fallon and Gallagher was within the statute of frauds and void, and consequently that the payments made by him to them after service of the garnishee summons upon him, were unauthorized, and did not discharge him from

liability as the garnishee of Corlett. This, we think, was a mistaken view of the contract or promise to pay made by the defendant to Corlett. The defendant purchased of Corlett a span of horses, a wagon and set of harness, and, as part of the contract of purchase, promised Corlett to pay so much of the purchase money, namely, $12.50 to Fallon and $17 to Gallagher, Corlett being indebted to those parties respectively in those sums. Soon after the purchase, and before the service of the garnishee process upon him, the defendant notified Fallon and Gallagher of his promise to Corlett to pay them such sums, and they each accepted such promise, and, as he testifies, "consented to take his word for the pay." He paid them according to promise, but not until after process of garnishment was served upon him. The question is, whether such promise was within the statute of frauds, and we believe it to be well settled that it was not, although it was collateral to Corlett's own liability or promise to pay the same debts, and may be said incidentally to have guarantied such payment. It was a guaranty in form, but not in substance or effect, within the meaning of the statute of frauds. It was not a *mere* promise by the defendant to be responsible for the debts of Corlett to those parties, and to pay those debts, but a promise by him to pay his own debt in that particular way. It was a promise founded upon a new and sufficient consideration moving to the promisor from the debtor at the time the promise was made. Such a promise or agreement is not within the statute of frauds, and no note or memorandum in writing expressing the consideration and subscribed by the party to be charged therewith, is required. *Dyer v. Gibson*, 16 Wis. 557; *Wyman v. Goodrich*, 26 Wis. 21; *Mallory v. Grillett*, 21 N. Y. 412; *Cardell v. McNeil*, id. 336; *Nelson v. Boynton*, 3 Met. 396; *Dearborn v. Parks*, 5 Greenl. 81; *Barker v. Bucklin*, 2 Denio, 45.

And the principle seems well settled now in cases of simple contracts, where one makes a promise to another for the benefit of a third person, that such third person can maintain an action in his own name upon the promise, though the consideration does not move from him. *Barker v. Bucklin, supra,* and cases there cited; *McClellan v. Sanford,* 26 Wis. 595. After notice, therefore, to them, and their assent, the liability of the defendant to Fallon and Gallagher was absolutely fixed, and they each could have maintained an action against him to compel payment. After such notice and assent, it was no longer in the power of Corlett to forbid such payment, or to withdraw his assent, or to require payment to be made to himself, without the consent of Fallon and Gallagher, even if it may be said to have been competent for him to have done so before they were notified and signified their acceptance of the defendant's promise. The defendant's liability being thus fixed, his voluntary payment, after service of process upon him, was not unlawful or unauthorized. Indeed, it was immaterial whether he paid before or after service of process, or whether he had paid at all or not. He was not liable as the garnishee of Corlett. He was not Corlett's debtor, but the debtor of Fallon and Gallagher, at the time the proceedings were commenced.

And the case of *Seaman v. Whitney,* 24 Wend. 260, cited and relied on by counsel for the plaintiff, was of a different kind. The question there was, whether, where funds were merely deposited by a debtor with a third person, with directions to pay them over to a creditor in extinguishment of a debt, and there was no agreement, either express or implied, by which the funds became the property of the creditor, so that the debtor did not lose control over them, an action for money had and received would lie by the creditor against the third person with whom the funds had been so deposited. So much as is said, rather *obiter*

than otherwise, towards the close of the opinion, respecting the necessity of obtaining the assent of the party for whose benefit a promise is made to another, either at or before the time the consideration for the promise passes or the promise is made, in order that such promise may be valid or available to the party for whose benefit it is made, is opposed by the weight of authority, and does not meet our approval.

*By the Court.*—The judgment of the circuit court is reversed, and a new trial awarded.