JAMES LEAMON *et al.*

*v.*

ROBERT G. McCUBBIN *et al.*

1. DISTRIBUTION TO HEIRS—*as to personal property.* The personal estate of a person dying intestate, whilst it descends to and is to be distributed amongst his heirs, after the payment of debts, must pass through due administration, under the direction of the proper court.

2. PARTIES—*heir can not sue on note payable to his ancestor.* The heirs of a person dying intestate can not maintain a suit, in their own name, upon a promissory note payable to him.

APPEAL from the Circuit Court of Jasper county; the Hon. J. C. ALLEN, Judge, presiding.

Messrs. BROWN & GIBSON, for the appellants.

Mr. J. M. HONEY, for the appellees.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

This was an action of assumpsit, by appellees, against appellants. Plaintiffs, in their declaration, allege that appellants made their promissory note in 1861, for a specified sum, payable to Phœbe McCubbin, at four months from that date; that the note remained unpaid; that Phœbe McCubbin died intestate in 1870, leaving plaintiffs her only heirs at law; that, at her death, she was not indebted, and there were no claims against her estate, save her funeral expenses, which plaintiffs have paid, and that no administrator of the estate has been appointed.

Defendants pleaded *non assumpsit.* The trial was by the court by consent. At the trial, plaintiffs read the note in evi-

dence, and there was no other evidence. The court found the issue for plaintiffs. Defendants excepted to the finding, but judgment went upon the finding, and defendants appeal.

The judgment can not be sustained. It is insisted by appellees that, " under our statute, the title to all property, real and personal, vests in the heirs of an intestate, after payment of just debts," and hence the appointment of an administrator was not necessary to the maintenance of an action on this note, and that the heirs may sue in their own name. The general words of our statute were never intended, and should not be construed, as changing entirely the mode of collecting and distributing the personal effects of estates of deceased persons. The statute says: " Estates, both real and personal, of proprietors dying intestate, after all just debts and claims against such estates are fully paid, shall descend to and be distributed in the manner following: First, to his or her children,    *    *    *    in equal parts." Of course the personal estate is to " descend to and be distributed " to the heirs; but in what manner is this distribution to be effected? Through due administration, under the direction of the proper court. This language merely designates the ultimate rights of parties, and was never designed to interfere with the ordinary and approved mode of collecting debts due the estate, through an administrator.

Even were the law as insisted upon, the proof in this case fails to make out a case. There is no proof of the allegations of the death of the payee of the note, or that she died intestate, or that the debts were all paid, or that plaintiffs were the only heirs at law.

The judgment is reversed.

*Judgment reversed.*

Mr. JUSTICE BREESE: I concur in the last branch of the opinion.