Murphy and another, by guardian, vs. Hanrahan.

*November 15 — November 30, 1880.*

(1) NOVATION OF CONTRACT: *common-law doctrine.*   *(2) How heir acquires title to personalty of the estate.*

1. A. and B. sue X. upon an agreement of the latter with N. to discharge his own debt to N. by paying, to A. and B., N.'s notes, which A. and B. hold and claim to own. *Held,* that, under the doctrine of novation of contract as adopted and modified by the common law, the action cannot be maintained without proof that A. and B. are the *actual owners* of N.'s note.

2. In the absence of any statute, either limiting the time for granting administration of an intestate estate, or making personal property inheritable, the only way in which the heirs can acquire title to a note belonging to the estate is by *administration and an order of distribution.*

APPEAL from the Circuit Court for *Dodge* County.

The plaintiff appealed from a judgment of nonsuit. The case is stated in the opinion.

For the appellants the cause was submitted on the brief of *O'Meara & Miller*, their attorneys, with *Jenkins, Elliott & Winkler* of counsel:

1. The action was not upon the note, but upon the promise made by the defendant in his agreement with Burke and James Hanrahan. This agreement had been executed upon one side by the discharge of the mortgage, and the money must be paid upon the other. The plaintiffs, for whose benefit the promise was made, may maintain the action. *Bassett v. Hughes*, 43 Wis., 321; *McDowell v. Laev*, 35 id., 171; *Putney v. Farnham*, 27 id., 187; *Wyman v. Goodrich*, 26 id., 21; *Coyle v. Davis*, 20 id., 564; *Kimball v. Noyes*, 17 id., 695; *Dyer v. Gibson*, 16 id., 557; *Keeler v. Ins. Co.*, id., 523; *Cook v. Barrett*, 15 id., 596; *Cotterill v. Stevens*, 10 id., 422.

2. The fact that there was no indebtedness at the time of the promise, between the promisee and the plaintiffs, does not alter the rule. Where there is a novation, the contract is irrevocable; and though, where the promise for the benefit of the third party is voluntarily obtained by the promisee, he may revoke the contract so long as no estoppel intervenes, yet such promise, made for a valuable consideration, is binding upon the promisor, and the power of revocation, if any, is not vested in and cannot be exercised by him. Addison on Con. (2d Am. from 4th Eng. ed.), 946. Under the state of facts here developed, the law creates as well the privity as the promise. *Hall v. Marston*, 17 Mass., 575; *Brewer v. Dyer*, 7 Cush., 337; *Lawrence v. Fox*, 20 N. Y., 268; *Burr v. Beers*, 24 id., 178.

3. In equity the promisee is treated as a trustee for the third party. Story's Eq. Jur., § 793 b; *M'Fadden v. Jenkyns*, 1 Ph. Ch., 153. Under the code this equitable rule will be enforced in actions at law. *Miller v. Billingsly*, 41 Ind., 489. This complaint must be treated as a declaration for money

had and received. The action lies "when the defendant, though he does not receive money, receives that for which he engages to pay money to a third person, and such third person may sustain the action." Chitty's Pl., 351, note 1. See also 1 Greenl. Ev., § 117; *Woodward v. Hill*, 6 Wis., 143; *Kiewert v. Rindskopf*, 46 id., 481.

*H. W. Sawyer*, for the respondent:

1. Plaintiffs had no title to the note or authority to sue thereon. Title to personal property does not pass to the heirs by the death of the intestate, but only in due course of distribution. R. S., sec. 3933, subd. 6; *Estate of Kirkendall*, 43 Wis., 176; *Lawrence v. Wright*, 23 Pick., 128; *Smith v. Denny*, 37 Mo., 20; *M'Vaughters v. Elder*, 2 Brev. (S. C.), 307; *Leamon v. McCubbin*, 82 Ill., 263; *Hollowell v. Cole*, 25 Mich., 345; *Cullen v. O'Hara*, 4 id., 138; *Albright v. Cobb*, 30 id., 360; *Webster v. Parker*, 42 Miss., 465; *Martin v. Reed*, 30 Ind., 218. The lapse of several years since the death of the intestate makes no difference. There is no limitation to the time in which letters of administration may issue. *Haynes v. Harris*, 33 Iowa, 516; *Woodin v. Bagley, Ex'r*, 13 Wend., 456; *Lawrence v. Wright*, 23 Pick., 128; *Coons v. Nall's Heirs*, 4 Litt., 264; *Roorbach v. Lord*, 4 Conn., 347. 2. The allegation that the intestate "left no debts," raises a question within the exclusive jurisdiction of the probate court, and which cannot be determined until administration has been had. *Winegar v. Newland*, 6 N. W. Rep., 841; *German Bank v. Leyser, ante*, p. 258. 3. This action must be construed to be one for the money due upon the note. Otherwise no cause of action is stated in the complaint, for the only default set up is in failing to pay "said note." There is no privity between the defendant and plaintiffs. The privity, if any, is between him and the owner of the note which he agreed to pay.

ORTON, J. The plaintiffs were the minor children and sole heirs of Barney Murphy, deceased.

It is in effect stated in the complaint, that in 1871 one James Hanrahan gave his note for $400 and interest, payable to the said Barney Murphy or order, one year after date; and that soon after, the said Barney died intestate, and leaving no debts nor any estate other than this note; that in 1870, *Denis Hanrahan*, the defendant, gave to one Burke a mortgage upon certain lands he owned, to secure the payment of $700 and interest, for the sole use and benefit of the said James Hanrahan; and that, after the death of said Barney Murphy, *Denis* and James Hanrahan and said Burke entered into a contract "whereby the said *Denis* agreed, among other things, to pay to these plaintiffs the said note of $400, and the interest thereon, executed by James Hanrahan to Barney Murphy, as aforesaid, in consideration that said mortgage be delivered up to him, *Denis Hanrahan*, and cancelled and satisfied;" and that, in pursuance of such agreement, said mortgage was given up and satisfied, and discharged of record.

There was some proof by implication that the said Barney owed no debts at the time of his death, and owned no other property than this note, and it was conceded that the plaintiffs were his minor children and sole heirs, and that there had been no administration of his estate, and it was assumed as proved, by the learned judge who tried the cause, that the agreement of *novation* or substitution was made and performed as averred in the complaint, for the purposes of the decision. Upon this presentation of the case, the circuit court directed a nonsuit, on the ground that the plaintiffs had shown no title to the note, nor any ability or authority to cancel it on payment, unless the complaint should be amended in that respect. No amendment was offered except an averment that the note is in the possession of the plaintiffs, and was in their possession when the agreement was made, which amendment the court refused to allow, and the nonsuit was entered. This amendment, if it had been allowed, and the fact proved, would make no difference in the construction of the contract, or in the application of the law to the case, and was therefore imma-

terial.  The principle of the doctrine of *novation* contended
for by the learned counsel of the appellants, would seem to
imply that such a construction should be placed on the above
agreement that the defendant bound himself to pay to the
plaintiffs themselves the sum mentioned in said note, irrespect-
ive of their ownership of the note, and in any event; and in this
way the agreement might be supported as a gift or donation
from James Hanrahan to the plaintiffs.  This principle may
have been recognized by some of the earlier authorities as an
ingredient of novation by the civil law, before the doctrine of
novation became a part of the common law, and modified by
it.  But now all of the authorities, both English and Ameri-
can, concur in holding that the third person in the novation
contract should be indebted to the first, and should assent to
the discharge of the first, and that all of the three parties
should concur in the agreement.

In application to this case the doctrine may be stated thus:
The defendant, *Denis Hanrahan*, was indebted to James
Hanrahan, and James was indebted to the plaintiffs, and, in
consideration of the discharge by James of the indebtedness
of *Denis* to him, *Denis* agreed to pay the indebtedness of
James to these plaintiffs, and the plaintiffs assented to the
substitution.  1 Parsons on Con., §§ 217–222; Addison on
Con., § 372, and notes.  There is no pretense in this case that
the promised payment by the defendants to the plaintiffs was
intended as a *gift* or *donation* by James Hanrahan to the
plaintiffs; and the only reasonable construction of the agree-
ment is, that the defendants should pay this note, which be-
longed to the estate of Barney Murphy, to the plaintiffs,
assuming that they were the legal holders thereof.  The de-
fendant's promise to pay the plaintiffs. is based upon their
ownership of the note.  The payment and satisfaction of the
note is the subject and object of the undertaking.  This posi-
tion seems to have been at least tacitly assented to by the
learned counsel of the appellants, by their attempt to prove

that there were no debts against the estate of Barney Murphy, deceased; the only object of which must have been to show that there was no necessity of administration, and that the plaintiffs became the owners of the note by inheritance from their father.

This brings us to the precise ground on which the nonsuit was granted. The kind of proof offered to show that there were no debts against the estate was at least questionable for any purpose, and especially so for the purpose sought. Administration, with the proper notices, and no claims having been presented, would seem to constitute the only satisfactory evidence that there were no claims against the estate. *German Bank v. Leyser, ante,* p. 258.

But, be this as it may, in the absence of any statute of limitation of the time of granting letters of administration, and of any statute making personal property, not an heirloom, *inheritable,* the only way the plaintiffs could acquire title to this note as the heirs of Barney Murphy, deceased, would be by administration and the proper order of distribution. This principle has been so recently and expressly decided by this court to be the law in this state, and after a very exhaustive review of the authorities, and by the construction of our own statutes, that an extended reference to authorities elsewhere is unnecessary. In *Estate of Kirkendall, Cramer's Appeal,* 43 Wis.; 167, Chief Justice RYAN uses the following language: " Personalty, except heirlooms, or limbs of the inheritance which descend with it to the heir, is never inherited. Upon the owner's death, the legal title goes to the executor or administrator. . . . In any case, when title to personalty comes to legatee or distributee, it comes from the executor or administrator, not from the testator or ancestor. The title of the executor or administrator intervenes between testator and legatee, between ancestor and next of kin."

Mr. Justice LYON says, in the same case: " But, ordinarily, personalty has no inheritable quality. It does not descend to

the heir. The administrator takes the legal title and possession, and the next of kin has only the mere right to it, or to the proceeds of it, on distribution, after the estate is settled, and debts and expenses of administration are fully paid."

The following cases were brought either upon choses in action, or for personal property, or its value, belonging to the estate, by the heir, without administration, and failed upon the same principle: *Smith v. Denny*, 37 Mo., 20; *Leamon v. McCubbin*, 82 Ill., 263; *Hollowell v. Cole*, 25 Mich., 345; *Haynes v. Harris*, 33 Iowa, 516. In *Lawrence v. Wright*, 23 Pick., 128, and in *Cullen v. O'Hara, Adm'r*, 4 Mich., 138, the same principle is recognized. I presume there are no well-adjudged cases in conflict with these authorities, where the question is unaffected by statute law.

The plaintiffs must obtain title to this note, and avail themselves of the promise of the defendant to pay it, if at all, through the administration of the estate of their father. Their recovery in this action would clearly be no bar to an action by the administrator, when appointed, who will have full title to the note, and may avail himself of this promise of the defendant to pay it. We think the nonsuit was properly granted.

*By the Court.*—The judgment of the circuit court is affirmed, with costs.