Cook vs. Durham.

## COOK vs. DURHAM.

*September 2 — September 23, 1884.*

*Written contract: Parol evidence: Novation.*

By a written agreement made in the presence of C., D. agreed with P., for a valuable consideration, to pay $300 to C. out of certain moneys, before satisfying other claims therewith, and at the same

time accepted an order drawn on him by P. in favor of C. for $300 to be paid first out of said moneys. In an action by C. against D. for the $300, *held* that C. had a vested interest in the contract to that extent, and that evidence of a parol contemporaneous agreement between P. and D., varying the terms of the written contract as to the payment of said $300, was inadmissible.

APPEAL from the Circuit Court for *Clark* County.

Action to recover the sum of $300 claimed to be due to the plaintiff upon an order in his favor drawn by one Peterson upon the defendant and accepted by the latter. The order, as accepted, was payable out of the first moneys due to Peterson on lumber account. The defense was that no moneys became due to Peterson after the acceptance of the order.

The cause was tried without a jury. The court found, in effect, that the sum of $200 became payable to Peterson on the lumber account after the acceptance of the order, and rendered judgment in favor of the plaintiff for that amount. The defendant appealed.

For the appellant there was a brief by *Jones & Sanborn*, and oral argument by *Mr. Sanborn*. They contended, *inter alia*, that the rule that a written contract cannot be varied by parol evidence does not apply where the action is between one party to the contract and a third person. *Champlin v. Butler*, 18 Johns. 169; 1 Greenl. on Ev. (Redfield's ed.), sec. 279; *Brown v. Thurber*, 77 N. Y. 613; *McMaster v. President, etc.* 55 id. 222; *Reynolds v. Magness' Ex'rs*, 2 Ired. Law, 26. See, also, *Badger v. Jones*, 12 Pick. 371.

For the respondent there was a brief by *Chas. F. Grow*, attorney, and *Sturdevant & Sturdevant*, of counsel, and the cause was argued orally by *R. J. MacBride*.

ORTON, J. The facts were these: There was a written contract made in the presence of the plaintiff between the defendant and one Peterson, by which Peterson sold to the

defendant a lot of lumber, then being in the mill-yard of one Van Hoosear, for the sum of $1,600, one half of which was to be then paid, and the remaining $800 to be paid when the lumber is shipped, and within ninety days from the date of the contract, $300 of which to the plaintiff, and the balance to satisfy "any claim upon the lumber, as attachments or in any manner that may stop the shipment of said lumber." At the same time Peterson gave the plaintiff an order upon the defendant for said sum of $300, "on lumber account," and the defendant accepted the same in writing as follows: " Payable out of the first money due to M. B. Peterson on lumber account."

The written contract, and the order and its acceptance, constituted in effect one transaction, so far as the plaintiff was concerned, and gave the plaintiff an interest in the contract to the extent of this $300, and to that extent it was made for his benefit, to which he then assented by being present and receiving the order based upon it. The lumber was all shipped within the ninety days, and the plaintiff presented and demanded the payment of the order, and the defendant refused to pay it, or any part thereof. The only claim upon the lumber mentioned in the contract was, in fact, a lien for sawing the same, to the amount of $600, payable to the said Van Hoosear, and the same was paid by the defendant.

The learned judge before whom the case was tried so construed the written agreement that this claim or lien was to. be paid *first*, and then the balance of the $800, if any, was to be paid upon the order. We think that such was not the proper meaning of the contract. The language of the contract is, after placing the $300 first in the order of payments, in respect to any other claim, " providing that said amount does not exceed the amount of valuation of said lumber *after paying above order to said Cook.*" The language of the acceptance of the order is: " Payable out of the *first* money

due to M. B. Peterson on lumber account." But inasmuch as the plaintiff took no exception to this ruling, he cannot have the benefit of it on this appeal any further than, being entitled to a judgment for $300, he is at least entitled to a judgment for $200; and the defendant cannot complain of its being less than it should have been.

On this case, as above stated, there can be no question of the right of the plaintiff to recover. But the learned counsel of the defendant insisted, upon the trial, that the written contract did not contain the real one in respect to the amount to be paid for the lumber; and that it was orally agreed between Peterson and the defendant, at the time, that the lumber should be measured and culled before shipment, and that the amount to be paid was at the rate of eight dollars per thousand feet, and that the claim for sawing was to be paid first; and that, accordingly, there was in the whole a less amount than what was to be paid on the claim or lien for sawing, after the payment of the first $800, leaving nothing to be paid to the plaintiff on the order. The learned counsel therefore offered to prove this oral agreement in alteration and correction of the written one. This offer was refused by the court, and the defendant's exception to this ruling presents the important question in the case.

The position of the learned counsel is that the written contract was only between Peterson and the defendant, and that the plaintiff was a stranger or third person to and without any vested interest in it, and that his order is only collateral to it, and that, therefore, the plaintiff cannot object to parol proof in its alteration. In his excellent brief he cites several authorities to the point that the plaintiff, if a stranger to the written contract, cannot object to such evidence, and assumes, without argument or authority, that the plaintiff occupies this attitude. This assumption, which constitutes his premises, is certainly groundless. Let us see.

Cook vs. Durham.

Peterson owes the plaintiff $300. The defendant owes Peterson this amount, and Peterson gives the plaintiff an order on the defendant for it, and he accepts it, and Peterson, at the same time, enters into a written agreement, in the presence and with the assent of the plaintiff, that the defendant shall pay the order. A clearer case of *novation* could not be stated. The written contract, to the extent of this $300, was made expressly for the plaintiff's benefit, and he is so much a party to it, and has such a direct interest in it, that he could have sued upon it if no order had been given; and the order makes the case still stronger as to his connection with the contract, for the order is conditional upon the subject matter of the contract. *Murphy v. Hanrahan*, 50 Wis. 485.

In *Bassett v. Hughes*, 43 Wis. 319, Hughes, the father, owed the plaintiffs $300, and conveyed certain property to his son, the defendant; and he (the defendant) covenanted with his father to pay *all* of his debts, of which this $300 debt to the plaintiffs was at the time *one*. It was held, in the language of the opinion of Mr. Justice Lyon, "that when one person for a valuable consideration engages with another to do some act for the benefit of a third person, the latter may maintain an action against the former for a breach of such engagement;" and it was further held that the parties to such a covenant could not *rescind* it after the plaintiffs were informed of it and made no objection to it or fully assented to it. The judgment for the unpaid balance of the $300 was affirmed. The case is clearly in point both as to the interest of the plaintiff in the contract here considered, and as to the right of affecting or changing the written contract without the consent of the plaintiff by oral evidence or otherwise. For if the defendant and Peterson could not afterwards *rescind* the written contract, no more could the defendant be permitted to vary or substantially change it to the injury of the plaintiff by proving by parol another or

different agreement in which the plaintiff had no concern.

The main question here has been very often decided by this court to the same effect as in the above case, and ought now to be at rest. *Cotterill v. Stevens*, 10 Wis. 422; *Cook v. Barrett*, 15 Wis. 596; *Keeler v. Niagara F. Ins. Co.* 16 Wis. 523; *Dyer v. Gibson*, 16 Wis. 557; *Kimball v. Noyes*, 17 Wis. 695; *Coyle v. Davis*, 20 Wis. 564; *Wyman v. Goodrich*, 26 Wis. 21; *Putney v. Farnham*, 27 Wis. 187; *McDowell v. Laev*, 35 Wis. 171.

*By the Court.*— The judgment of the circuit court is affirmed.