(30 Misc. Rep. 537.)

### ROBINSON et al. v. ADAMS et al.

(Supreme Court, Special Term, New York County. February, 1900.)

1. EXECUTION—LEGATEE—ACTION—TITLE TO PROPERTY.
   Where an action by a legatee against an executor is based on the latter's wrongful acquisition of the legatee's property, with knowledge of plaintiff's ownership, and the executor is not credited with payments made on the property, and it is insisted that such payments should go to the benefit of the legatee, the action is not for an injury to the legatee's beneficial interest, and hence she must show title to the property at the time it was wrongfully acquired by the executor.

2. SAME—LEGACIES—TITLE.
   A legatee cannot maintain an action to recover a legacy from an executor until the estate is closed.

3. SAME.
   Where a will provided that the legacies left to minors should be invested by the executor, and the proceeds used for the support and education of such minors, the division of the estate by the executor, and the setting aside of particular property as the share of a minor, do not vest the title in him.

Action by Carrie A. Robinson and others against Charles Adams and others to compel a transfer of stock and an accounting. Dismissed.

Edward B. Hill, for plaintiffs.
George Richards and Selden Bacon, for defendants.

BISCHOFF, J. The foundation of the action is the defendants' acquirement of property owned by the plaintiffs, with knowledge, actual or imputed, of that ownership. No concession is made on account of payments by the defendants to the parties who had been in possession of the stock, and the theory of the case is that any benefit possibly derived by the plaintiffs from those payments, or from acts of reparation by the parties originally chargeable with the diversion, is immaterial. Thus, the case cannot be viewed as proceeding upon an injury to the plaintiffs' beneficial interest in the property, but must stand or fall with their actual title to these very shares at the time when the transfer to the defendants took place. At that time the plaintiffs were under the age of 21 years,

and their title to the stock in suit, which formed a part of the residuary estate of their father, is asserted under the following provisions of his will, whereby the residuary estate is given, substantially, "to my wife, Maria Robinson, and to my children in being or hereafter born, to be divided among such of my said devisees and legatees as shall survive me, share and share alike. In case any of my said children, or the issue of any deceased child, shall at the time of my death be minors, under the age of twenty-one years, then I authorize and direct my executors hereinafter named, and the survivor of them, and their and her successors, to hold and invest the share of each of such minor or minors, and to receive and collect the interest and income arising therefrom, and to apply the same towards his, her, or their education and support, until each, respectively, shall reach the age of twenty-one years." In the course of their division of the estate, to determine the distributive shares of the legatees, the executrices set apart the stock in question as the share of these plaintiffs; and it is to the wrongful use of the stock by one of the executrices, for the purposes of her financial speculations, that the present controversy is due.

There would seem to be no doubt of the correctness of the proposition that title to the personal property of a testator vests upon his death in his executors, and that a legatee has no complete title, even to a specific legacy, until the administration, either generally or as to the particular legacy, has been closed. 13 Am. & Eng. Enc. Law, 151, 152; 2 Williams, Ex'rs (7th Ed.) 677–680; Hayes v. Hayes, 45 N. J. Eq. 461, 17 Atl. 634; Goodwin v. Jones, 3 Am. Dec. 173; Leamon v. McCubbin, 82 Ill. 263. With the assent of the executor to the legacy, the administration, so far, closes, and the legatee's title is perfected; but until this assent is given the legatee has no title, and possesses but an inchoate right, insufficient for the maintenance of an action to recover the legacy. 13 Am. & Eng. Enc. Law, 152. In the present case, then, these plaintiffs obtained no legal title to the stock by the mere force of the will, and, in view of the provisions of that instrument touching the disposition of their shares during minority, it is not possible to hold that the setting apart of the particular stock operated to vest the title, as upon an assent by the personal representatives. The duties of the executrices with respect to these legacies were such that no relinquishment of their legal title during the minority of the legatees could result from the form in which the legacies were recognized or preserved. It was their duty to "hold and invest" the shares, and, of necessity, while this duty continued the legal title remained in the persons thus empowered to "invest." To imply an assent to the vesting of the legacies from the mere recognition that they existed would be to say that the executrices lost the power to invest the shares at the moment when the particular subject of investment was definitely ascertained, and that when once the shares of the infants came into tangible existence, through an apportionment, the executrices lost title, and hence could not carry out the testator's instructions, which in fact were directed exclusively to a period succeeding the apportionment. The conclusion is that the

will contained no legacies to these plaintiffs, to which, for the pur-
pose of releasing the legal title, the executrices could assent dur--
ing the period of the legatees' minority, and that the transfer of
the stock to the defendants was, at most, in violation of the title-
possessed by the executrices, who alone could maintain an action in
this particular form. The case of Deposit Co. v. Price, 87 N. Y. 542,
upon which support for the action is sought, had to do with the
title to a specific legacy, to the vesting of which the executor had
power to assent, and did assent. Upon the facts and the reason-
ing employed, the case cited may be viewed as an authority for the
conclusion which I have reached, and also in support of my deter-
mination that the action cannot be maintained without the pres-
ence of the persons holding the legal title to the stock, as parties
to the record. There should be judgment for the dismissal of the
complaint, with costs.

Complaint dismissed, with costs.