McKenney, Guardian, and another, Respondents, vs. Min-
ahan, Administrator, Appellant.

*November 17—December 11, 1903.*

(1–3) *Appeal: "Party aggrieved:" Executors and administrators:
Extending time: Discretion.* (4–10) *Estates of decedents: Title
to personalty: Presumptions: Pleading: Demurrer: Capacity
to sue: Defect of parties.*

1. As to any order or judgment of the county court made in pro-
ceedings for the settlement of the estate of a deceased person
adverse to such estate, and from which an appeal may be taken
under sec. 4031, Stats. 1898, or the time for taking an appeal
therefrom may be extended under sec. 4035, Id., the legal rep-
resentative, whether administrator or executor, is a party ag-
grieved by force of the statute alone.

2. Upon principle, as to any judgment or order of a court adverse
to one in a suit or proceeding, who is the proper representa-
tive therein, of the interests of others prejudiced by the result,
that one is a party aggrieved, within the meaning of such term
as used in appeal statutes.

3. An application to extend the time for taking an appeal under
sec. 4035, Stats. 1898, is addressed to the sound discretion of
the appellate court, and its decision in respect thereto cannot
be reviewed except for clear abuse of discretion.

4. Upon the death of a person the title to his personal property be-
comes at once suspended and so remains till the appointment
and qualification of a proper legal representative, whereupon it
devolves upon him and can only pass on to another by some
act referring to him as a necessary link in the chain of title.

5. A demurrer upon the ground of want of legal capacity to sue
reaches only personal disability, as infancy, coverture, idiocy
and the like, or want of title to the character in which the
plaintiff sues; as in case of an executor or administrator not
having complied with the statutory requisites to his qualifica-
tion, or an assignee not having fully qualified as such, and the
like.  It does not deal with the sufficiency of the complaint as
to stating a cause of action in favor of the plaintiff.

6. A demurrer for defect of parties plaintiff goes only to the sub-
ject of whether other persons should be brought in as such,
not to the right of the one already in court.

7. When an heir at law seeks to recover personal property belong-
ing to his ancestor at the time of the latter's death, it is essen-

tial to his right to recover, to show that title to the *res* was duly transferred to him by the legal representative of such ancestor.

8. Failure to plead the facts in regard to the transmission of property as last spoken of is not a matter to be reached either by demurrer for want of legal capacity to sue or for defect of parties plaintiff. The defect goes to the cause of action itself and can be raised at any time.

9. Want of evidence to show transmission of the title as above is not supplied by the doctrine that "all things are presumed to have been rightly and regularly done until the contrary is shown." The proper application of such maxim is as shown in the opinion.

10. In the trial of a cause between a claimant against an estate and the legal representative of the deceased, the fact that the latter does not defend upon all the grounds he has does not entitle the former to judgment in the absence of satisfactory proof of his claim.

[Syllabus by MARSHALL, J.]

APPEAL from a judgment of the circuit court for Calumet county: GEO. W. BURNELL, Circuit Judge. *Reversed.*

Plaintiffs, as general guardian and guardian *ad litem* of John J. Minaghan, filed a claim in the matter of the settlement of the estate of John Minaghan, deceased, in favor of such minor, alleging that his mother, wife of the deceased, being possessed of $800 in money, gave the same to her husband in trust for her son, the same, with legal interest, to be paid to him or his guardian upon demand; that the mother predeceased her husband, and that the latter used the money in his business and died without executing the trust. Such proceedings were had in the county court that the claim was allowed in full. The administrator permitted the time absolutely given by statute for him to appeal, to elapse without improving the same. The circuit court, upon a showing deemed to be sufficient to warrant it, extended the time in that regard thirty days. Within such time the administrator appealed from the aforesaid decision to the circuit court for Calumet county.

On the trial in the appellate court the evidence was undisputed that John Minaghan, deceased, received from his wife the sum of $800 and used the same in his business. The jury found specially that no part of such money was given to the husband as his own. The court determined as matter of law from the undisputed evidence that no trust was created between the husband and wife in respect to the money, but that the relation of debtor and creditor between them in respect thereto was created; and that such relation existed at the time of Mrs. Minaghan's death. In answer to the motion of the administrator for judgment for the reason that the minor had shown no title to such indebtedness, there being no showing of an assignment thereof to him by the personal representative of his mother in the due course of the settlement of her estate, the court held that the objection went only to his legal capacity to sue, which was waived by not being raised by demurrer or answer; and further that, because of the lapse of time since the death of the mother, in the absence of evidence to the contrary there was a presumption of law which should prevail, that the title to the claim reached the minor in the regular course of the administration of the mother's estate, or that there were no claims against such estate and, there being no heirs except the minor in question, the title to the claim in question passed to him without the use of a personal representative of the mother. Judgment was rendered in effect affirming the decision of the county court, and the administrator appealed.

For the appellant there was a brief by *V. I. Minahan,* attorney, and *James H. McGillan,* of counsel, and a supplemental brief and oral argument by *Mr. Minahan.*

For the respondents there was a brief by *James Kirwan,* and oral argument by *B. W. Jones.*

MARSHALL, J. It is claimed on the part of respondents that the circuit court obtained no jurisdiction for two rea-

sons: First, because the administrator was not a party aggrieved within the meaning of the appeal statute (sec. 4031, Stats. 1898); and second, that he was not such a party within the meaning of sec. 4035, Id., respecting the enlargement of time for taking an appeal. It is a sufficient answer to the first of such reasons that sec. 4031 expressly recognizes an administrator standing as the representative of persons who would be injuriously affected by a determination of the county court, if it were allowed to stand, as a party aggrieved. That is the plain meaning of the language: "In all cases not otherwise provided for any executor, administrator, guardian, trustee or any person aggrieved," etc. Plainly, any one of the persons specially mentioned is recognized as a party aggrieved, when any one whose interest he represents is aggrieved. It was the duty of the administrator to preserve the property of the estate, so far as he legally could, for transmission to the heirs of the deceased. In the settlement of claims against the estate he stood for them. Any injury to their interests, in legal effect, was a grievance to him within the meaning of the appeal statute. That also answers the second contention, as it is obvious that the word "aggrieved" was used in sec. 4035 in the same sense as in sec. 4031. This answer might well be made to both contentions, that it is elementary that the legal representative of interests involved in litigation, prejudicially affected by the result, is a party aggrieved within the meaning of appeal statutes. 2 Ency. Pl. & Pr. 158, and cases cited.

The further point is made that no reasonable excuse was shown by the administrator for failing to appeal within the sixty days absolutely allowed therefor by the statute, hence that the circuit court possessed no power under sec. 4035 to extend the time for taking the appeal. The showing on the application for the extension presented to the circuit court fairly for consideration the subject of whether justice required a revision of the decision made by the county court.

That being so the court had jurisdiction to pass upon the matter, and whether the result reached was right or wrong does not necessarily involve jurisdictional error. The application was addressed to the discretionary power of the court, and the order granting the same could only be set aside for a clear abuse of such discretion. No such abuse, it seems, is shown. A strong case was made on affidavits to the effect that the administrator delayed investigating the claim of respondents and assuming an attitude of hostility thereto, upon the promise of the general guardian that it should be reduced $200; that such promise was made in bad faith, the only purpose thereof being to deter the administrator from acting by way of investigating the claim or appealing from the judgment rendered in the county court till the time for appealing should expire; and that by reason, in part, of his ignorance of such matters, and in part his want of knowledge that the claim had passed to judgment in the county court, such purpose was accomplished.

Respondents further claim that the trial court erred in holding that the evidence failed to show that a trust was created between the deceased and his wife in respect to the $800. We shall not take time to review the evidence on that point. Suffice it to say that we think the decision was clearly right. We are unable to find any evidence in the record to sustain any other reasonable theory than that Mrs. Minaghan loaned her money to her husband, creating the relation of debtor and creditor between them as the court found.

From what has been said it will be seen that the most that can be claimed for respondents, as regards the situation when Mrs. Minaghan died, is that her husband owed her the sum of $800 with legal interest thereon from the time he borrowed the same, and that the right to recover therefor passed to her personal representative upon her death, if one was appointed, and, if not, that such right was suspended by her death and remains in that condition unless by some means

it has passed to John J. Minaghan. The manner in which the learned circuit judge traced the title of the claim to John. J. Minaghan notwithstanding there was no evidence of any administration of his mother's estate and assignment of the claim to him by her personal representative, cannot be approved. The judge said, in substance, that the defect was immaterial because it went only to the legal capacity of the claimant to sue, which was waived by failing to raise the question by answer or demurrer. That is wrong. If A. is sued by B., the latter cannot recover by showing that C. or some one has a ground of action against A. because the latter fails to raise the question of B.'s title to the cause of action by answer or demurrer, on the ground of want of legal capacity to sue. That must be plain. Want of legal capacity, within the meaning of sec. 2649, Stats. 1898, refers to personal disability, as infancy, idiocy, coverture, and the like, or to "want of title to the character in which the plaintiff sues" (Bliss, Code Pl. §§ 407, 408), as where an executor or administrator sues, not having complied with the statutory requisites thereto, or where an executor sues, not having proved the will under which he claims, or an assignee sues, not having first duly qualified as such. A defect going to the cause of action itself as regards the plaintiff, one showing that in no event and under no circumstances, and in no capacity, does the plaintiff own or represent the cause of action sought to be enforced, does not fall within the class of cases suggested. Such a defect comes under the sixth ground of demurrer in sec. 2649, Stats. 1898, that the complaint does not state facts sufficient to constitute a cause of action, and is not waived, of course, by failing to suggest it by answer or demurrer. Pomeroy, Code Rem. 203. In a recent case this court held in circumstances similar to those we have here, that failure to plead facts showing title to a claim under the personal representative of the deceased, is fatal to the right to recover. That, in effect, is a decision that such

a defect is not merely want of legal capacity to sue. *Buttles v. De Baun,* 116 Wis. 323, 93 N. W. 5. What is said upon this subject applies with equal force to a suggestion of the learned judge that the defect in the plaintiff's pleading, if any there be, falls within the fourth ground of demurrer, i. e., that there is a defect of parties plaintiff. Bliss, Code Pl. § 411. The defect reached under that ground of demurrer has regard to the necessity for other parties than those already before the court to be also brought into the litigation; not to a defect in the right of the plaintiff, already in court, to enforce the cause of action as regards his own interests therein. The trouble here is that the facts established by the evidence fail to show any cause of action whatever in which the minor, John J. Minaghan, in any capacity, has a legal, enforceable interest.

The rule which the learned circuit judge said should control, that from lapse of time, nothing appearing to the contrary, it will be presumed that the title to personal effects of a deceased person has passed to and vested in the heirs at law in the due course of administration of such person's estate, or so passed and vested without administration, none being needed because of there being no indebtedness to be provided for, we are familiar with, but do not understand that it has been adopted here or that it is the general rule. The learned court seems to have relied upon the familiar maxim: *Omnia præsumuntur rite et solenniter esse acta donec probetur in contrarium,*—"All things are presumed to have been rightfully and regularly done until the contrary is shown." The illustrations of the proper application of the maxim given in the books will indicate how very far it comes from supplying want of proof that a cause of action in favor of one person has been conveyed to another who is attempting to enforce it, without connecting himself in any way with such other by some act competent to show a change of title from such other to him: A man acting in a public

capacity will be presumed to have been appointed and be duly authorized so to do; an officer acting within the scope of his authority is presumed to have acted honestly; the judgment of a court of competent jurisdiction on review is presumed to be right till shown to be clearly wrong; an officer in possession of an office and discharging its duties is presumed to be rightfully there till the contrary is shown; from rightful possession a legal title is presumed. Similar illustrations will be found, explaining the maxim under discussion, in Broom's Legal Maxims, p. 945. Clearly, none of such illustrations apply to the circumstances of this case to the effect given to the maxim by the trial court. If it were otherwise, any one could bring a suit upon a cause of action, which at one time accrued to another, and recover as regards a transfer to him of such right, upon the strength of the presumption that, from the assertion thereof by a person, it must be presumed till the contrary be shown, that he has legal ground therefor. It seems hardly necessary to discuss the proposition to show that it is fatally infirm.

The idea that the title to personalty can pass from a deceased person to his heirs or any one else without administration of such person's estate and a due assignment of the property by the personal representative of the deceased, or that such assignment, by lapse of time, in the absence of evidence to the contrary, can be presumed, is all wrong. It is elementary that by the common law, which prevails here on the subject, upon the decease of the owner of personalty the title is at once suspended and remains so till the proper official designation of a personal representative shall have been made and he shall have duly qualified as such, when it at once devolves upon him, and a transfer from him in due course of law is necessary to pass the title to another. 1 Woerner, Am. Law of Adm'n, *409, 430, 1241; *Murphy v. Hanrahan,* 50 Wis. 485, 490, 7 N. W. 436; *Estate of Kirkendall,* 43 Wis. 167, 179; *Smith v. Denny,* 37 Mo. 20; *Leamon v.*

*McCubbin,* 82 Ill. 263; *Hollowell v. Cole,* 25 Mich. 345; *Grider v. Phœnix B. Co.* 7 Ky. Law Rep. 594; *Hagthorp v. Hook's Adm'rs,* 1 Gill & J. 270; *Whit v. Ray* (4 Ired. L. 14) 26 N. C. 14; *Lockhart v. Cameron,* 29 Ala. 355. *Buttles v. De Baun,* 116 Wis. 323, 93 N. W. 5, really rules this case on the subject now under consideration, as it was there held, as we have seen, that one claiming a cause of action by title derived from the estate of a deceased person must show that such title came from the personal representative of such person in the due course of the administration of such person's estate.   True, the idea that lapse of time might dispense with proof of such transmission of the title was not considered in that case; but, necessarily, since by common law rules— which prevail here as indicated, there being no statutory regulation on the subject—it is as essential that a personal representative shall transfer the title to a cause of action held by him as such, in order that it may vest in another, as it is for any person holding a cause of action in his own right to transfer it to another in order that such other may possess himself thereof, lapse of time can no more dispense with proof of the proper transfer in the one case than in the other. So it was held, in *Whit v. Ray,* that possession of intestate property by the heir at law, regardless of the length of the period such possession may have continued, will not of itself vest the legal title in the possessor.   In *Estate of Kirkendall, supra,* RYAN, C. J., said, in discussing this subject:

"Personalty, except heirlooms or limbs of the inheritance which descend with it to the heir, is never inherited.   Upon the owner's death, the legal title goes to the executor or administrator.   .   .   .   The title of the executor or administrator intervenes between testator and legatee, between ancestor and next of kin.   Pending the administration of the estate, the legatee or next of kin has no title.   His right is not *jus in re,* but only *jus ad rem,* suspended and dependent on the administration; a right to title from the executor or administrator, to what may remain upon settlement of the estate."

Justice Lyon said, in an opinion in the same case:

"Personalty has no inheritable quality. It does not descend to the heir. The administrator takes the legal title and possession, and the next of kin has only the mere right to it, or to the proceeds of it, on distribution, after the estate is settled and debts and expenses of administration are fully paid."

That was emphasized by a reference to many authorities, some of which are cited here, where suits were brought upon choses in action or for personal property or its value, belonging to the estate, no administration having intervened, and a recovery was denied upon the ground that the plaintiff showed no title to the cause of action. In *Murphy v. Hanrahan,* 50 Wis. 485, 7 N. W. 436, after a full discussion of the subject, the cause of action being upon a promissory note possessed by a deceased person at the time of his death, there being no evidence of a transfer of the title to the plaintiff through the medium of a personal representative, the court said:

"The plaintiffs must obtain title to this note . . . if at all, through the administration of the estate of their father. Their recovery in this action would clearly be no bar to an action by the administrator, when appointed, who will have full title to the note."

True, some states have departed from this common-law rule, either with or without the aid of a statute, and have adopted, to some extent, the idea which the learned trial court in this case seems to have had in mind. Evidence of that can be found in the extensive note at section 200, 1 Woerner, Am. Law of Adm'n. But the general rule in this country is in harmony with the common law, and is the rule here, as we have seen, by reference to the cases heretofore decided in this court.

It is said in the learned circuit judge's opinion, apparently as one of the reasons for denying appellant's motion for judgment, that the only question litigated was whether the right

amount of the plaintiff's claim was $600 or $800 for principal. We find that appellant endeavored, in the circuit court, to put the validity of the claim as a whole in issue by a formal answer, and that he was not permitted to do so. Why not does not clearly appear. However the respondents were bound to establish the cause of action or a claim in favor of the minor of some sort, recoverable against the estate, in order to entitle them to judgment. It was the right of the administrator, and his duty, to resist the claim. There was an entire failure of proof to establish it. Therefore the motion for judgment dismissing the same, with costs, should have been granted.

*By the Court.*—The judgment appealed from is reversed, and the cause is remanded with directions to enter a judgment in favor of appellant for costs.