WEAR-BOOGHER DRY GOODS COMPANY *v.* WILLIAM M. KELLY, CLAIMANT.

STATUTE OF FRAUDS.      *Code* 1892, § 4225a.      *Debt, default, or miscarriage of another.*

Where the purchaser of goods promised the seller to pay the purchase money to a creditor of the seller, the promise is not within the statute of frauds, Code 1892, § 4225a, providing that an action shall not be brought whereby to charge a defendant upon any special promise to answer for the debt or default or miscarriage of another person.

FROM the circuit court of Union county.

HON. PERRIN H. LOWREY, Judge.

The Wear-Boogher Dry Goods Company, appellant, was plaintiff in the court below, and one Charles E. Kelly was defendant there. The suit was an attachment, and certain property having been levied upon as the property of defendant in attachment, the same was claimed by William M. Kelly, claimant and appellee. The trial of the claimant's issue resulted in a judgment for appellee, the claimant, and the plaintiff appealed to the supreme court.

Charles E. Kelly was engaged in the mercantile business at Poplar Springs, Miss., and was largely in debt, and some of his creditors were pressing him. He was unable to meet all of his obligations, and on October 17, 1898, he sold his stock of goods and books of accounts to his father, William M. Kelly, the appellee. At the time of the sale he owed William M. Kelly $500, evidenced by his promissory note. He executed a bill of sale to William M. Kelly, which recites that the consideration for the sale was the extinguishment of the debt for $500, and the assumption by William M. Kelly of the pay-

ment of certain indebtedness due by Charles E. Kelly to the Bank of Tupelo, Mr. S. E. Mitchell, J. C. Bailey, and Clark, Hood & Co. The aggregate of these various debts was $2,650. On November 10, 1898, the Wear-Boogher Dry Goods Company sued out an attachment against Charles E. Kelly, and the stock of goods and accounts bought by William M. Kelly were levied on. William M. Kelly made claim for the goods.

On the trial of the claimant's issue considerable testimony was taken as to the value of the stock of goods, which was variously estimated at from $1,800 to something over $4,000. William M. Kelly paid all the debts the payment of which he had assumed.

*W. H. Clifton,* for appellant.

Counsel cited the following authorities:

*Richards* v. *Vaccaro,* 67 Miss., 518-521; 1 Story's Equity, 244, 246; Kerr on Fraud, 186, 187 (note 2), 188, 189; Wait on Fraudulent Conveyance, 232; *Newman* v. *Meek,* Freeman's Ch., 458; *Allen* v. *Martin,* 61 Miss., 86; *Swaford* v. *Garmon,* 51 Miss., 352; *Kaufman* v. *Whitney,* 50 Miss., 110, and cases cited in brief, p. 105; 2 Pomeroy's Equity, 927, 928; 8 Ency. Law, 782, 783; *Wynne* v. *Mason,* 72 Miss., 430; *English* v. *Friedman,* 70 Miss., 459; *Bernheim* v. *Dibrell,* 66 Miss., 203; 8 Ency. Law [1st ed.], 770, citing the famous English case of "Twines;" *Atkinson* v. *Greaves,* 70 Miss., 45; *Bamberger* v. *Choolfield,* 50 L. ed. U. S. Rep.,379; Wait on Fraudulent Conveyance, sec. 369, p. 485; 8 Ency. Law [1st ed.], 756; 2 Pomeroy Equity, sec. 750; 2 Pomeroy, sec. 751, note 1, citing authorities; *Pollock* v. *Simmons,* 76 Miss., 210; *Bank* v. *Strouse,* 66 Miss., 484, citing authorities; *Ware* v. *Allen,* 64 Miss., 545.

*H. D. Stephens,* and *G. L. Jones,* for appellee.

It was not essential that the promise of W. M. Kelly to pay these debts should be in writing, to bind him. "A promise made to a debtor to pay a debt which he owes to a third person

is not a promise to answer for the debt of another within the meaning of the statute of frauds." *Ware* v. *Allen et al.,* 64 Miss., 545.

"The obligation to pay the debts of the vendor to a third person, though in parol, is not obnoxious to that provision of the statute of frauds which requires all undertakings to pay the debts of another to be in writing. Such assumptions are not within the statute. The contract is not to pay the debts of another, but to pay the party's own debt to some person other than his creditor." *Lee* v. *Newman,* 55 Miss., 373; Browne on Statute of Frauds [4th ed.], 193, 194; Story's Eq. Jur. [12th ed.], s. c., 973 and 1044; *Fullam* v. *Adams,* 37 Vt., 397; *Barker* v. *Bradley,* 42 N. Y., 316; 1 Am. Rep., 521; *American Lead Pencil Company* v. *Wolfe,* 11 So. Rep., 488; *Scudder* v. *Cartner,* 43 Ill., 252; *Putney* v. *Farnham,* 27 Wis., 187; 9 Am. Rep., 459.

Argued orally by *G. L. Jones,* for appellee.

WHITFIELD, C. J., delivered the opinion of the court.

Kelly was irrevocably bound under the law as applied to the facts of this case. The principles have been thoroughly established in *Ware* v. *Allen,* 64 Miss., 547; 1 South., 738; 60 Am. Rep., 67; *Lee* v. *Newman,* 55 Miss., 373; *Sweatman* v. *Parker,* 49 Miss., 19. The law is the same elsewhere. *Fullam* v. *Adams,* 37 Vt., 397; *Putney* v. *Farnham,* 27 Wis., 187; 9 Am. Rep., 459; and other authorities cited in the excellent brief of counsel for appellee.

*'Affirmed.*