HOLTY, Appellant, vs. LANDAUER and others, Respondents.*

*June 3—July 3, 1953.*

* Motion for rehearing denied, with $25 costs, on September 11, 1953.

For the appellant there were briefs by *Whyte, Hirschboeck & Minahan,* attorneys, and *Victor M. Harding* and *Richard P. Buellesbach* of counsel, all of Milwaukee, and oral argument by *Mr. Harding* and *Mr. Buellesbach.*

For the respondents there was a brief and oral argument by *Chester J. Niebler,* attorney, and *Lawrence J. Binder* of counsel, both of Milwaukee.

BROADFOOT, J.   The primary question herein is that of the jurisdiction of the circuit court.  The defendants contend that the county court of Milwaukee county has concurrent jurisdiction with the circuit court to try the matters set out in the complaint; that the plaintiff selected the county court as his forum for the trial of his matter and that the county court could grant him adequate, complete, prompt, and efficient relief.  On the other hand, the plaintiff contends that he cannot receive adequate relief in the county court for the reasons alleged in his complaint.

Sec. 287.17, Stats., indicates a legislative policy to have claims against estates tried in county courts except in cases

"in which the county court cannot afford a remedy as adequate, complete, prompt, or efficient as the circuit court." Several cases are cited in the briefs that restate the rule laid down by that statute. Our attention is called to no statute that would authorize the appointment of a receiver for the defendant corporations by the county court. The statutes referring to the appointment of receivers for corporations all refer to the circuit court. Thus in county court the plaintiff was limited in his examination of the corporate records, and it is evident that in the matter of the appointment of a receiver he could not have as adequate a remedy in the county court as will be possible in the circuit court. We therefore hold that the circuit court has jurisdiction. It follows that the complaint is not demurrable on the ground that there is another action pending involving the same issues.

The trial court also held that the plaintiff had endeavored to set forth in his complaint two separate and distinct causes of action. Under the rule stated in *Milwaukee v. Drew,* 220 Wis. 511, 265 N. W. 683, the complaint is not demurrable on that ground. The primary object of the action is to enforce specific performance of the alleged contract. The other matters set up are incidental and ancillary thereto.

Nor do we find the complaint demurrable because of a misjoinder of parties. A demurrer for defect of parties goes only to the question of whether persons not parties should be brought in and does not concern the rights of parties already before the court. *McKenney v. Minahan,* 119 Wis. 651, 97 N. W. 489; *Angers v. Sabatinelli,* 235 Wis. 422, 293 N. W. 173.

The complaint pleads an equitable cause of action and is not demurrable on any of the grounds pleaded by the defendants.

The defendants contend that the order of the trial court rescinding the temporary restraining order was proper on the ground that it was based upon a fatally defective com-

plaint. Although the trial court did not so state, it may be inferred that his action was based upon that argument. We reverse that order for the purpose of permitting the trial court to review his action in the light of this decision without indicating what his final determination thereon should be.

As far as the motion for review is concerned, the judgment is reversed and the matter of costs will abide the final determination of the case when it is tried in the circuit court.

*By the Court.*—The judgment and the three orders appealed from are reversed and the cause is remanded for further proceedings consistent with this opinion.