## Estate of Sargent.

*December 20, 1884 — January 13, 1885.*

ESTATES OF DECEDENTS. *(1) Petition for administration: Waiver of right to select administrator. (4) Sufficiency of petition. (2) Appointment of non-residents. (3) Who are "next of kin." (5) Nomination of administrator after appeal.*

1. Where within thirty days after the death of an intestate a petition for administration is filed, all persons interested may appear at the hearing thereof, and no right of any person in relation to the selection of the administrator is waived by a failure to file a separate petition.

2. It is the policy of our statutes to discourage the appointment of nonresidents as administrators; and even where the person entitled to a preference in the selection of the administrator nominates a nonresident, his choice may be disregarded in favor of a resident.

Estate of Sargent.

[3. Whether the words "next of kin," in sec. 3807, R. S., mean "nearest of kin" or "next of blood," or refer to a class and include all persons who are entitled to a share in the estate, without regard to the degree of consanguinity, is not determined.]

4. A petition alleging the death intestate of a resident·of the county, and that he left an estate within the jurisdiction of the court which requires to be administered upon, is sufficient to invest the court with jurisdiction to grant letters of administration.

5. On an appeal from an order of a county court granting letters of administration to one person and refusing them to another, a petition, then first filed, asking the appointment of a third person may properly be disregarded.

APPEAL from the Circuit Court for *Grant* County.

The appeal is by *Rodney Sargent*, brother of Cyrus Sargent, deceased, from the order of the circuit court affirming the order of the county court appointing Robert C. Orr as administrator of the estate of said decedent. The facts will sufficiently appear from the opinion.

For the appellant there were briefs by *Bushnell & Watkins*, and oral argument by *Mr. Bushnell* and *S. U. Pinney*. They contended, *inter alia*, that the words "next of kin," in sec. 3807, R. S., mean "nearest of kin." This is clear from the origin of the statute down. 3 Bac. Abridg. 480, tit. EXECUTORS, etc.; Williams on Ex'rs, 346, 960. It was so held under 21 Henry VIII, c. 5, s. 3, which is the same as the first paragraph of sec. 3807, R. S., and such is the uniform current of authority. 1 Williams on Ex'rs, 370; *Brown v. Hay*, 1 Stew. & P. 102; *Blackborough v. Davis*, 1 P. Wms. 41, 51; Schouler on Executors, § 141.

*Wm. E. Carter* and *Ed. M. Lowry*, for the respondent, in relation to the construction of sec. 3807, R. S., contended that the right of administration followed the right of property, and that the words "next of kin" refer to the class which includes all those who are of kin and equally interested in the estate, and that each one of that class has as much right to a voice respecting administration and the

choice of an administrator as any other.   *Atkins v. McCormick*, 4 Jones, Law, 274; Gary's Probate Law, §§ 268, 269; *Potts v. Smith*, 24 Am. Dec. 359, note; *Sweezey v. Willis*, 1 Bradf. 495; Schouler on Executors, §§ 97, 98 (note 2), 101, 110; 1 Williams on Ex'rs, 339, 343, 351, note *z; Iredale v. Ford*, 1 Swabey & T. 305; 5 Jur. N. S. 474; 2 Kent's Comm. 412.   If the class of "next of kin" fail to agree upon an administrator, the court, having a proper petition by some one or more of them before it, must use its discretion and appoint such suitable and competent person as it may see fit.   *Brubaker's Appeal*, 98 Pa. St. 21; 3 Am. Prob. Rep. 16; *Brunson v. Burnett*, 2 Pin. 185.

COLE, C. J.   This is a contest as to the right of administration upon an estate.   It appears that Cyrus Sargent, a citizen of Grant county, died intestate in that county on the 29th day of October, 1883, leaving a large estate of real and personal property in that county.   He was unmarried, and without issue, and had no relatives at the time living in the state.   His only heirs at law are the appellant, a brother, and the respondent, an only surviving child of a deceased sister.   These two persons take his estate in equal parts. We gather from the record that the brother lived in Essex county, New York, and that the niece was residing in Lynn, Massachusetts, when her uncle died.   On the 12th of November, 1883, the respondent filed in the county court of Grant county her petition, setting forth the death of Cyrus Sargent, and stating that he died intestate, possessed of a large estate; that he was an inhabitant of that county at the time of his death; and requesting that letters of administration on his estate be granted to Robert C. Orr, who is an attorney residing at Lancaster, in that county.   Notice was given, as required by law, of this application, and that the same would be heard on the 11th day of December, 1883, by the court.   On that day the appellant, by Merritt

Estate of Sargent.

A. Clark, of Essex county, New York, his attorney in fact, filed a petition requesting that letters of administration be granted to said Clark, and objecting to the appointment of Orr as administrator, on various grounds. The county court ordered that letters be granted to Orr, and on appeal to the circuit court this order was affirmed.

Our statute regulating the right of administration upon the estates of intestates provides that persons shall be, respectively, entitled to such administration in the following order: " 1. The widow or next of kin, or both, as the county court may think proper, or such person as the widow or next of kin may request to have appointed, if suitable and competent to discharge the trust; 2. If the widow or next of kin, or the person selected by them, shall be unsuitable or incompetent, or if the widow and next of kin shall neglect for thirty days after the death of the intestate to apply for administration or to request that administration be granted to some other person, the same may be granted to one or more of the principal creditors, if any such are competent and willing to take it; 3. If there be no widow, next of kin, or creditor competent and willing to take administration, the same may be committed to such other person as the county court may think proper." Sec. 3807, R. S.

In this case there was no widow; and, as we have said, the only heirs are the appellant and respondent, each of whom takes an equal portion of the estate. But neither asks to administer. The fact that both are nonresidents may not absolutely disqualify them for the appointment, though it is the manifest policy of the statute not to favor the appointment of a nonresident as administrator. This is plain from sec. 3803, R. S., which expressly authorizes the county court to remove an administrator who " shall reside out of the state " for that cause alone. But the statute gives the next of kin the right to select or " request " the appointment of a suitable person who is competent to discharge the

trust. The respondent, within thirty days from the death of the intestate, requested that letters be granted to Robert C. Orr. This application was sufficient to call into exercise the jurisdiction of the court on the matter of appointing an administrator of that estate; and all persons interested in the estate had the right to appear before the court at the hearing of this application and have their wishes in the premises considered. This remark is deemed a sufficient answer to the suggestion that the appellant neglected for more than thirty days to apply for administration, either for himself or for any other person, and thereby forfeited any preference as to selection, if any he had under the statute. We think he had the right to be heard on the respondent's application, and lost nothing by his delay.

On the hearing of the application the court exercised its discretion and appointed Orr administrator; and we must presume that he is " a suitable and competent " person to discharge the trust. It is true, the appellant, by his attorney, objected to this appointment and requested that letters of administration be granted to Merritt A. Clark; but the fact that Mr. Clark was not a resident of the state when administration was asked for, was a sufficient reason for not appointing him. Certainly the court might properly give controlling weight to that fact if he was otherwise a suitable and competent person. Nor would the objection of non-residence be overcome by the consideration that Clark would be able to give a good bond, with sureties, for the faithful performance of the trust. The statute gives the court a discretion in the matter, and its judgment and discretion must be guided by personal fitness, and various considerations affecting the appointment and the best interests of the estate.

The appellant's counsel contend that the statute gives the appellant the prior right or preference in determining the choice of administrator. They say the words "next of kin "

to the intestate do not mean all the kindred, but the "nearest of kin" or "next of blood." On the other hand, it is claimed that the language "next of kin" refers to a class, and includes all persons who are entitled to a share in the intestate's estate under the statute of distribution, without regard to the degree of consanguinity. There is much reason in the latter view of the statute, but whether it is the correct construction or not we need not now decide; for, assuming that the appellant would have had a preference in the selection, still the person named by him was properly set aside on account of nonresidence, if no other objection existed to his appointment. This fact alone afforded sufficient ground for the court's disregarding the choice made by the appellant, even if he were entitled to a preference, where several suitable persons were named for the trust.

An objection is taken that the respondent's petition does not state facts sufficient to authorize the court to grant the same. This objection is untenable. The petition states all the essential facts necessary to put the court in motion in regard to the appointment of an administrator of that estate. It shows that Cyrus Sargent died intestate; that he was an inhabitant of Grant county at the time of his death; and that he left an estate within the jurisdiction of the court which required to be administered upon. This was sufficient to invest the court with jurisdiction in the matter of granting letters of administration to some suitable and competent person.

The matter before the court on the appeal was the correctness of the order of the county court granting letters of administration to Orr, and refusing them to Clark. It was not a case for a jury trial, or where the introduction of new evidence would have been proper. Indeed, there was no dispute about the real facts which controlled the decision of the case. The relation of these parties to the deceased appeared upon the face of the petitions. Also the place of

their residence, and that they were the only heirs. The power of attorney given Mr. Clark by the appellant, dated November 22, 1883, which was filed with the papers, showed that Mr. Clark was at that time a resident of the state of New York. In view of that fact his appointment would have been in the highest degree improper. There is no suggestion or intimation that Mr. Orr is not in every way a suitable person to discharge the trust. The only objections taken to his appointment were that he was not the choice of the appellant, and resided fourteen miles distant from the location of the farming lands of the deceased, which objections, under the circumstances, were entitled to no weight. It is true, the appellant filed a petition in the circuit court requesting the appointment of Daniel F. Brown, or, if he should decline the appointment, then that James Ballentine be appointed. These persons were both residents of Grant county. The circuit court properly disregarded the petition because not regularly before it. If this petition had been presented to the county court on the hearing, that court might possibly have given effect to appellant's wishes. Be that as it may, the county court having appointed a proper person after the appellant had had an ample opportunity to indicate his preference, and he having nominated an unsuitable person, the circuit court was clearly right in affirming the appointment which had been made.

*By the Court.*— The order of the circuit court is affirmed. The taxable costs of both parties in this court will be paid out of the estate.