EMMA D. LEAVITT ET AL., PLAINTIFFS IN ERROR, v. JENNIE E. DUNN, DEFENDANT IN ERROR.

By a policy of life insurance, the money to become due upon it at the death of the person insured was made payable to his "heirs." *Held,* that by the word "heirs" were meant the persons entitled to the surplus of his personal estate under the statute of distributions, and that the money was payable to his widow and children in the proportions indicated by the statute.

On error to the Supreme Court.

For the plaintiff in error, *John H. Backes.*

For the defendant in error, *James S. Aitkin.*

The opinion of the court was delivered by

DIXON, J.   This cause was tried at the Mercer Circuit, before Mr. Justice Scudder, without a jury, upon a statement of facts agreed to by the parties, showing that, under a policy of insurance on the life of Alexander Dunn, $5,000 had, at his death, become payable to his " heirs," and had been paid to his children with the consent of his widow, in pursuance of a stipulation that if the widow was entitled to a share thereof they would pay it to her.

Justice Scudder decided that by the word " heirs " in this policy were intended those who, under the statute of distributions, were beneficially entitled to the personal property of the deceased, and, accordingly, judgment was rendered in favor of the widow.   The correctness of this decision is the only question before this court.

Different judicial views have been taken with regard to the meaning of the word " heirs " when employed in private instruments to designate those to whom personal property shall pass.   In some jurisdictions it is read in its strict primary sense, at common law, as importing the persons on whom the law casts the real estate of one dying without a will.   In other jurisdictions it receives a broader construction, as denoting those who, by law, became beneficially entitled to the property of one dying intestate, and who are to be ascertained according to the nature of the property—under the statute of descents if it be real estate and under the statute of distributions if it be personalty.   In still other jurisdictions, whether it shall have the narrower or the broader construction is made to depend on whether it is used as a desig-

nation of the persons originally intended or as a designation of persons substituted for the one originally intended.

In New Jersey the word has quite uniformly been construed according to the nature of the property dealt with and without much regard to whether it was used in designating original or substituted beneficiaries. When employed in the disposition of personal property it has been generally deemed to indicate the persons appointed by the statute to succeed to such property. *Scudder* v. *Van Arsdale*, 2 *Beas.* 109; *Welsh* v. *Crater*, 5 *Stew. Eq.* 177; *S. C. on appeal*, 6 *Id.* 362; *Hayes* v. *King*, 10 *Id.* 1; *Ward* v. *Dodd*, 14 *Id.* 414; *Reen* v. *Wagner*, 6 *Dick. Ch. Rep.* 1. In the opinions delivered in these cases, the phrase "next of kin" is frequently used by the judges as their synonym for the word "heirs" in the disposition of personal property, but what they mean by the phrase is not merely the nearest kinsmen, but the distributees under the statute, including both the widow and those who, by the statute, may represent deceased kinsmen. This appears from the language of the learned Chancellors in the earliest and the latest of these decisions, that "the next of kin are entitled to claim under such description [heirs] as the persons appointed by law to succeed to the personal property," thus basing their title, not on kinship, but on the statute. Such a judicial use of the phrase has long been practiced. *Elmsley* v. *Young*, 2 *Myl. & K.* 780, 787. In New Jersey it may be accounted for by the fact that the phrase was so used in our first statute of distributions (*Pat. L.*, *p.* 153, § 20) as well as in later enactments. *Pamph. L.* 1849, *p.* 154; *Lunacy Act, Rev.*, *p.* 601, § 1.

This signification of the word "heirs," when there is no other guide to its meaning than that it points out the persons who are to receive personal property, is, we think, more likely than any other to reach the actual intention of the parties using it, and therefore should be approved. This rule of construction is applicable not only to wills, but to other private writings as well (*Sweet* v. *Dutton*, 109 *Mass.* 589), and

especially to those which, like most policies of life insurance, appear to be intended for the benefit of one's widow and children.

The judgment of the Circuit Court is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF· JUSTICE, ABBETT, DEPUE, DIXON, LIPPINCOTT, REED, VAN SYCKEL, BOGERT, KRUEGER, PHELPS, SMITH.    12.

*For reversal*—None.