Duffy *v.* Hargan.

EDWARD G. DUFFY, surviving executor,

*v.*

ALFRED HARGAN et al.

[Filed December 14th, 1901.]

Under a will bequeathing property to a certain legatee and directing that on his death the property should pass to his next of kin according to the laws of the state, the children of a deceased sister of such legatee are entitled, on the death of the latter, to share with the surviving brothers of the legatee in such property as the representatives of the deceased sister, though the surviving brothers are his nearest of kin.

*Mr. Samuel F. Bigelow,* for the complainant.

*Messrs. McCarter & Adams,* for the defendants.

STEVENS, V. C.

Nicholas Duffy died in 1880. He left a last will, in which he provided as follows:

"I give to my executors in trust for the use of my son Nicholas Duffy, Jr., all my stock in the New Jersey Railroad & Transportation Company, and all my scrip in the American Insurance Company of the city of Newark; the dividends, income and profits of the same to be paid to my said son Nicholas during his natural life and at his death the principal to be divided between his children, if he should have any. But in case he should have no lawful children then the same shall be paid to such persons of

his blood, either his brother or sister or the descendants of his said brother or sister, and in such shares or portions as he shall by his last will and testament or writing in the nature thereof designate and appoint. And in case he shall leave no last will and testament or writing in the nature thereof, then to his next of kin according to the laws of the State of New Jersey."

Nicholas Duffy, Jr., died intestate in April, 1901, leaving neither widow nor issue. There survived him two brothers and three children of a deceased sister.

The question is whether the two brothers take to the exclusion of the children of the sister. This depends upon whether these children are comprised within the designation of "next of kin according to the laws of the State of New Jersey."

In England, after considerable fluctuation of opinion, it has been decided that where a bequest is made to "next of kin" *simpliciter,* those only take who are, in fact, nearest of kin according to the civil law method of computation. *Withy* v. *Mangles, 10 Cl. & F. 215.* This gives the legacy to the brothers and sisters, to the exclusion of the children of deceased brothers and sisters. The rule in Massachusetts is the same. *Fargo* v. *Miller, 150 Mass. 225.* The contrary rule seems to have been adopted in New York. *Murdock* v. *Ward, 67 N. Y. 387, 390.* It is not necessary, to the determination of the present case, that this question should be decided, for it is held in all the cases that if there be any indication in the will that the testator intends that the next of kin shall be deemed to be such as would take under the statute of distribution, this intent shall prevail.

Thus, in *Garrick* v. *Lord Camden, 14 Ves. 385,* the bequest was "to be divided among my next of kin, as if I had died intestate;" and Lord Eldon, who was one of the judges who favored the view that prevailed in *Withy* v. *Mangles,* said: "My construction is that the next of kin should take the whole as they would take under an intestacy." And in *Smith* v. *Campbell, Coop. 275,* Sir William Grant, another of the judges who took the same view, used the following language: "Even if the testator in this case had made use of the words 'his next of kin,' instead of 'his nearest surviving relations,' yet, if there had been nothing in the will to show that he meant *the next of kin accord-*

*ing to the statute of distribution,* I should have thought the brothers and sisters would have been exclusively entitled."

In the case of *In re Thompson's Trusts, 9 Ch. Div. 607,* the direction was to pay to "the heirs or next of kin of T. L.," and Master of the Rolls Jessel held that the statutory next of kin were intended.

In the case in hand the bequest was to the "next of kin according to the laws of the State of New Jersey." As I must give effect, as far as possible, to every word of the will, I am not at liberty to eliminate the words "according to the laws of the State of New Jersey." I must give them a meaning. If they mean anything, they mean that the next of kin are to take as the laws of New Jersey prescribe. But, by these laws, in cases of intestacy, where there are brothers and sisters and children of deceased brothers and sisters, the children take their parents' share by right of representation, and the living brothers and sisters do not take the whole. If to the word "next" in the will under consideration the literal construction of "nearest" should be given, the result would be that the nearest of kin would take, not the whole, but only their shares, and the testator would die intestate as to the residue. To avoid a result so plainly opposed to the intention, the courts give to the words "next of kin," when used in connection with the expression "according to the statute of distribution (and I take it that "according to the laws of New Jersey" is a precisely equivalent expression), the meaning "statutory next of kin"—that is, next of kin who are, in fact, nearest, and those persons also who, by statute, represent or stand in the place of those who are nearest.

Reliance was placed upon *Schenck* v. *Vail, 9 C. E. Gr. 544.* The question there arose under the statute of descent, and was one of statutory construction. The reasoning of the court would have had some applicability had the words to be interpreted been only "next of kin." It is not an authority upon the point here discussed.