WELSH, Appellant, vs. MANWARING, Respondent.

*January 12—February 2, 1904.*

*Administration: Next of kin: Right of appointment: Mandatory statutes: Public administrator.*

1. The right of administration of a decedent's estate is not inherent, but statutory, and may be given or withheld in the discretion of the legislature.

2. The provisions of sec. 3807, Stats. 1898, that administration shall be granted to the widow, surviving husband, or next of kin, or to the person whom such relatives may request to have appointed, if suitable and competent to discharge the trust, is mandatory, and in itself declares its only exceptions.

3. By subd. 2, of said sec. 3807, the right of the next of kin, etc., is limited to the case where the application is made within thirty days after the death, and when he or the person nominated is suitable. Plaintiff, a nonresident of Wisconsin, and a half-brother of decedent, within thirty days after the death, applied for administration to be granted to his nominee, a suitable person. The court denied the application, and, on application of creditors, appointed the public administrator to the office. *Held,* that plaintiff was absolutely entitled to have his nominee appointed, and the refusal was error.

4. In such case, the power to appoint the public administrator to the office of administrator is limited by sec. 3819, Stats. 1898, until administration "shall, upon proper application of some person entitled to apply therefor, be granted to some other person."

APPEAL from a judgment of the circuit court for Douglas county: A. J. VINJE, Circuit Judge. *Reversed.*

Deceased died December 5, 1902, resident in Douglas county, in the state of Wisconsin, leaving as her sole heir and next of kin *James A. Welsh,* a half-brother, resident at Kansas City, Missouri. On December 10, 1902, a petition was filed by the public administrator, *E. B. Manwaring,* for administration, alleging certain personal property to have been left by the deceased. He was so appointed, and thereupon took possession, and on December 15th, under order of the

county court, sold the property. Meanwhile claims were filed; approximating in amount the total of the estate, of some of which, however, the validity is disputed by appellant. On December 20th, within thirty days after the death, *Welsh* made petition for appointment, as administrator, of E. A. Le Claire, resident of Douglas county, as to whose competency and suitability some affirmative proof was offered, and no objection was raised. This was met by a paper, signed by most of the unsecured creditors, asserting that the estate was insolvent, and that *E. B. Manwaring,* as special administrator, had acted for the best interests of the estate in making sale of the property, and that his retention as administrator would be for the benefit of the estate, and would avoid expenses of a new administrator. The county court held that the brother, not being an inhabitant of the state of Wisconsin, was not entitled of right to name the administator against the wishes of the creditors, and, reciting that *E. B. Manwaring,* "as public administrator," is a suitable and competent person, ordered that said *Manwaring* be appointed administrator of said estate. *Welsh* appealed to the circuit court, which, after hearing, adjudged that the order denying the petition for the appointment of Le Claire be affirmed and the appeal be dismissed, and that the record be remitted with directions to the county court to proceed with the administration of the estate. From that judgment *James A. Welsh* brings this appeal.

For the appellant there was a brief by *A. C. Titus,* attorney, and *Bert Fesler,* of counsel, and oral argument by *Louis Hanitch.*

For the respondent the cause was submitted on the brief of *D. E. Roberts.*

DODGE, J. The right of administration, while a very valuable one, is not inherent, but statutory. It may be given or withheld in the wisdom of the legislature. Under this power

our legislature has provided, by sec. 3807, Stats. 1898, that·
administration shall be granted first to the widow, surviving:
husband, or next of kin, or to the person whom such relatives·
may request to have appointed, if suitable and competent to·
discharge the trust.   This statute is clearly mandatory, and:
in itself declares its only exceptions.   Such statutes have uni-·
formly been treated as controlling the action of the courts·
of probate, and disobedience thereof has been deemed to con-
stitute error subject to review in appellate tribunals.   *Steb-·
bins v. Lathrop,* 4 Pick. 33, 43; *Cobb v. Newcomb,* 19 Pick.·
336; *Todhunter v. Stewart,* 39 Ohio St. 181; *State ex rel.
Adamson v. Collier,* 62 Mo. App. 38; *Breen v. Pangborn,* 51
Mich. 29, 16 N. W. 188; *Sargent's Estate,* 62 Wis. 130, 22·
N. W. 131.   By subd. 2 of the same section, this right of the·
next of kin is limited to the case where he applies within
thirty-days after the death, and when he or the person nom-
inated by him is suitable.   When those conditions fail, and'
not till then, do the creditors acquire any right over the nom-
ination of an administrator; hence the appointment of re-·
spondent as permanent administrator cannot be justified by
the request of certain creditors.

These statutes would seem so direct and clear as to need'
but their mention to make plain the appellant's right to have·
appointed the person requested by him, as to whose com-
petency or suitability no question is raised; but the respond-·
ent, and apparently the court below, deemed these plain pro-
visions controlled by sec. 3819, Stats. 1898, relating to the·
appointment of the public administrator in certain cases.
That section provides in substance that when any intestate·
leaves no widow, surviving husband, or next of kin known·
to the county court, living in this state, the court, upon its·
own motion or upon the application of the public adminis-
trator, shall, if it deem necessary, grant administration to
the public administrator, who may then proceed with the ad-
ministration, "until administration   .   .   .   shall, upon.

proper application of some person entitled to apply therefor, be granted to some other person." This quoted clause seems to have been wholly overlooked by the respondent in making his contention that, whenever no widow or next of kin of an intestate is found in the state, administration is to be granted absolutely to the public administrator, and that, as a result, ·sec. 3819 in effect limits sec. 3807 to the case of relatives resident in the state. That contention is wholly inconsistent with the idea of sec. 3819, which obviously provides merely for a temporary situation, and authorizes appointment of the public administrator only until those having lawful right under sec. 3807 shall make proper application. Hence we ·conclude that when the next of kin, within thirty days after the death of this intestate, made due application for the appointment of a competent and suitable person resident in this state, he was absolutely entitled thereto, and that the refusal ·of such appointment was error.

*By the Court.*—The judgment of the circuit court is reversed, and the cause remanded with directions to enter judgment in accordance with the foregoing opinion; appellant's taxable costs to be payable out of the estate.