Perry v. Scaife, 126 Wis. 405.

SIEBECKER, J., took no part.

---

PERRY, Executor, Appellant, vs. SCAIFE and others, Respondents.

*November 18—December 12, 1905.*

*County courts: Extension of time to appeal: Probate of will: "Aggrieved" persons: Petition: Construction: "Near relatives:" Indefiniteness.*

1. A petition for leave to appeal, after the statutory time, from the decision admitting a will to probate, stating that the petitioners are "near relatives and heirs at law" of the deceased and are entitled to a distributive share of his estate if the will should be set aside and the said estate thereby become subject to dis-

tribution under the laws of descent of this state, is sufficient to show that the petitioners are beneficially interested in the estate and are persons aggrieved (within the meaning of sec. 4035, Stats. 1898) by the decision from which they seek to appeal.

2. The words "near relatives," as used in such petition, may reasonably be considered as synonymous with "next of kin."

3. In support of the discretionary act of granting leave, under sec. 4035, Stats. 1898, to take an appeal after the statutory time therefor, facts stated in the petition plainly according to their legal effect should be deemed sufficiently stated, and the liberal rules applied in support of pleadings generally should be extended to such petition.

4. The adverse party in such a proceeding may, if the court deems it reasonably necessary, have the petition made more definite and certain as to any material statements therein.

APPEAL from an order of the circuit court for Sauk county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

Special proceedings to obtain leave to appeal from a decision of the county court admitting a will to probate after the time absolutely allowed therefor by statute had expired.

The application was made by and on behalf of citizens of the kingdom of Great Britain. The petition stated as regards the interest of the persons desiring to contest the probate of the will, as follows:

"Your petitioners are near relatives and heirs at law of the said deceased, and are entitled to a distributive share in said estate, should said will be set aside and declared void and the said estate thereby become subject to distribution under the laws of descent of this state."

The appeal is by the executor named in the will from an order granting the application of the petitioners.

*G. Stevens,* for the appellant, contended, *inter alia,* that the statute only allows this proceeding to *an aggrieved party;* and this court has repeatedly held that unless a party has some legal interest in the controversy (applying it to this case, unless these parties would have a legal right to the estate or some part of it if the will be set aside) he cannot be aggrieved,

and hence has no standing in court and no right to interfere. Now, in order to have any legal interest in the property, these parties must be *next of kin,* not merely "near relatives" as stated in the petition, and the petition must state the facts from which the court may draw the conclusion that they are next of kin.   *Downer v. Howard,* 47 Wis. 476; *Marx v. Rowlands,* 59 Wis. 110, and cases cited by appellant on page 112; *Ligon v. Hawkes,* 110 Tenn. 514, 75 S. W. 1072; *Deering H. Co. v. Johnson,* 108 Wis. 275.   There must of necessity be a broad discretion exercised by the court in determining whether or not to allow an appeal; but that discretion only applies to the facts showing excuse for the default in not appealing in time.   It does not and cannot apply to the question of whether the party appealing is a proper party—has any rights to vindicate.   That is not a question of discretion.   It is a fact, to be affirmatively established by proper and legitimate evidence before the court can be called upon to exercise any discretion in the premises.

For the respondents there was a brief by *Bulkley, Gray & More* and *Stone & Malone,* and oral argument by *J. A. Stone.*

Marshall, J.   The learned counsel for appellant with characteristic candor conceded upon the oral argument that the question of whether one aggrieved by the decision of a county court in a probate matter, who has permitted the time absolutely allowed by statute for him to appeal to elapse without using such remedy, should be allowed to avail himself thereof notwithstanding the delay, is one peculiarly addressed to the discretionary authority of the appellate tribunal; that its solution of the matter is final in the absence of a clear abuse of such authority; and that this court would not be warranted in finding that there was such abuse in this case, if the words of the petition quoted in the statement are sufficient to show that the persons alleged to be beneficially interested in the estate of William G. Scaife, contingent upon the instru-

ment purporting to be his last will and testament being adjudged invalid, are in fact such beneficiaries.

Counsel insists that in no event could the alleged heirs of the deceased participate in the distribution of his estate, unless they are his next of kin; that without a satisfactory showing as to such matter in the petition, it is fatally defective. Standing on those premises counsel confidently argues that nothing short of a statement of facts, not legal conclusions, from which the court can fairly conclude that the alleged heirs are the next of kin of the deceased, is sufficient in any reasonable view of the matter to show that they have any grievance entitling them to appeal from the decision sought to be reviewed, and that the mere statement that they are near relatives of the deceased is not enough.

The contention of counsel, based on the assumption that there is nothing in the petition to show the interest of the petitioners in the estate of the deceased, except the statement that they are near relatives of such deceased, may be sound. The idea that it was vital to the petition that it should state facts, not conclusions, showing that the alleged contingently interested persons were next of kin of the deceased, is grounded on the theory that the term "next of kin," as used in respect to the distribution of estates of intestates, means nearest in relationship according to the degrees of consanguinity, as regards sharing in the estate of the intestate. This court has not so held (*Estate of Sargent,* 62 Wis. 130, 22 N. W. 131), though there is much authority supporting such view. *Pinkham v. Blair,* 57 N. H. 226; *Snow v. Durgin,* 70 N. H. 121, 47 Atl. 89; *In re Kane's Estate,* 185 Pa. St. 544, 40 Atl. 90; *Anderson v. Potter,* 5 Cal. 63, 64; *Leavitt v. Dunn,* 56 N. J. Law, 309, 28 Atl. 590; *Steel v. Kurtz,* 28 Ohio St. 191, 197; *Armstrong v. Grandin,* 39 Ohio St. 368; *Duffy v. Hargan,* 62 N. J. Eq. 588, 50 Atl. 678.

We will not take up the burden now of discussing the question of the precise scope of the term "next of kin" which the

court suggested but declined to decide in the *Estate of Sargent, supra.* It is clear, at least, that it includes those entitled to take the personal estate in case of intestacy. That is always its meaning when used *simpliciter,* as it is said (*N. Y. L. Ins. & T. Co. v. Hoyt,* 161 N. Y. 1, 9, 55 N. E. 299), while it is doubtless used sometimes as synonymous with the broad signification of "heirs at law." *Serfass v. Serfass,* 190 Pa. St. 484, 42 Atl. 888. The term "heirs at law" is often used in its popular sense of including heirs in the legal sense— those upon whom the law casts title to realty possessed by the intestate at the time of his death, and next of kin as well. Treating the latter term and the former only in their legal sense the one refers to those who take the personalty of an intestate, and the other to those in whom the title to the realty possessed by the intestate vests immediately upon his death. Under our statutes there is very little difference between the two terms, since, in the main, those who take the personalty of an intestate are the same as those upon whom the law casts the title to the realty. Secs. 2270, 3935, Stats. 1898.

It follows from what has been said that if the petition in this case sufficiently brought to the attention of the court that the petitioners were the next of kin of the deceased or his heirs at law, then it must be held sufficient. We find, as indicated in the statement, that the petition went further than to merely state that the alleged heirs are near relatives. It stated that they "are near relatives and heirs at law of the deceased and are entitled to a distributive share of his estate," etc. The indications are that it was carefully worded by the draftsman, having regard to the technical distinction between "next of kin" and "heirs at law," and that "near relatives" was used as synonymous with the former term. That meaning may reasonably be attributed to such term. *Cox v. Wills,* 49 N. J. Eq. 130, 22 Atl. 794; *Handley v. Wrightson,* 60 Md. 198, 206.

Thus obviously the petitioners in their petition laid claim

to being, or to represent, the persons entitled to share the personalty belonging to the estate of the deceased, using the term "near relatives" in that regard, as well as being part owners of the realty left by the deceased, using the term "heirs at law" in that regard. If it was competent in any reasonable view for them to allege the fact of relationship to the deceased according to the legal effect thereof, then certainly the petition was sufficient. We are inclined to the view that, at least in support of the discretionary act called in question, facts stated plainly according to their legal effect should be deemed to have been sufficiently stated, and that the liberal rules for reading out of pleadings facts essential to support them should be broadly applied. Thereby every fact essential to support the cause of action or defense which the pleader evidently intended to state, not pleaded expressly, yet which can be reasonably read out of the language used by reasonable inference, is regarded as sufficiently stated for the purpose of supporting the pleading upon a challenge thereof for insufficiency, and essential facts are deemed to be inferentially stated which are alleged according to their legal effect. *Miller v. Bayer,* 94 Wis. 123, 68 N. W. 869; *Pfister v. Sentinel Co.* 108 Wis. 572, 84 N. W. 887; *Miles v. Mut. R. F. L. Asso.* 108 Wis. 421, 84 N. W. 159; *South Milwaukee Co. v. Murphy,* 112 Wis. 614, 88 N. W. 583; *Emerson v. Nash,* 124 Wis. 369, 102 N. W. 921.

It cannot be well doubted that an allegation in a complaint that plaintiffs are the heirs at law of a person named, in case of that being material to a cause of action or defense, would be regarded upon demurrer to sufficiently plead the underlying facts warranting such statement as a legal effect. The learned counsel concedes that the practice is well established by our Code that facts plainly stated according to their legal effect are to be deemed to be sufficiently stated upon a challenge of the pleading for insufficiency, though the pleading may at the same time be open to a motion for indefiniteness; but insists that a more strict rule should be applied in testing

the sufficiency of a petition in such a case as we have here, because the latter is not, as is the former, a statement of facts to be proved, but is both the statement and the proof; that no way is open to the adverse party to have the statement made more specific. If that were strictly true, it might be a good reason why the court of first instance should apply the stricter rule contended for, but not a sufficient warrant for condemning the failure to do so as a clear abuse of judicial discretion.

But counsel is in error in the view that the adverse party in such a proceeding as this is powerless to gain any information of the petitioner's status or to require such status to be more definitely made known to the court than the petitioner chooses to disclose in the petition as at first presented. The statute (sec. 4035) governing the matter prohibits allowing the petition without reasonable notice to the party adversely interested. Further, the court is only permitted to allow the petition of a party aggrieved, if it shall appear that justice requires a review of the case. That contemplates a hearing upon petition with the party adversely interested before the court, if he so desires. It contemplates that such adverse party may join issue with the allegations of the petition, if he shall be so advised, and that he may have all reasonable opportunity to bring to the attention of the court, definitely, what the real status of the petitioner is. He may, doubtless, properly ask for and obtain, if the court deems it reasonably necessary, a more definite statement of material matters than the petition as at first presented contains. The court can determine the right of the matter upon affidavits, or upon the petition alone, or upon evidence in support of and against the petition, taken in open court, or otherwise by its direction as in its judgment may be best suited to the administration of justice in the premises. Thus the reason suggested by counsel why the liberal rules applied in support of a pleading when challenged for insufficiency should not be extended to a petition of the sort under consideration does not in fact exist.

*By the Court.*—The order is affirmed.