GUSTAFSON and another, Appellants, vs. WHITNEY BROTHERS COMPANY, Respondent.

*April 30—May 31, 1913.*

*Appeal from county court: Extension of time: Discretion: Master and servant: Injury to minor: Settlement by guardian, approved by county court.*

1. Sec. 4035, Stats., authorizing an extension of the time for taking an appeal from the county court, confers a discretionary power upon the circuit court, and its decision as to granting or denying such extension will not be reversed except for abuse of that discretion.
2. The refusal in this case to extend the time for appealing from orders of the county court authorizing and approving the compromise and settlement, by his guardian, of the claim of a minor for damages by reason of an injury caused by his employer's negligence, is *held* not to have been an abuse of discretion, such settlement, although alleged to have been induced by misrepresentations, having been acquiesced in for a considerable time and there being no great assurance that it could be upset if the appeal were allowed.

APPEAL from an order of the circuit court for Douglas county: FRANK A. ROSS, Circuit Judge. *Affirmed.*

The appeal is from an order made under sec. 4035, Stats., refusing to extend the time for taking an appeal from orders of the county court.

. *Victor Linley,* for the appellants.

*W. P. Crawford,* for the respondent.

TIMLIN, J.    Sec. 3982, Stats., authorizes a guardian, with the approval of the county judge, to adjust, compromise, and discharge any and all claims for damage which his ward may have.    *Renholt Gustafson* was on February 19,. 1912, while in the employment of *Whitney Brothers Company,* injured by the negligence of the latter.    He was taken to the hospital and remained there until March 6, 1912, and he became twenty-one years of age on July 2, 1912.    Upon his petition and that of his mother, *Mary Gustafson,* the latter was appointed his guardian by the county court of Douglas county and thereafter made a petition to the county court for permission to settle the claim of *Renholt Gustafson* against *Whitney Brothers Company* for $150.    The county court on May 25, 1912, made an order authorizing the guardian to settle and compromise the said claim of *Renholt.*    On the same day she reported that she had so settled and compromised and executed a release in full, and thereupon the county judge approved and confirmed the settlement and compromise.    The sum of $150 was, pursuant to this settlement, paid by the defendant to *Renholt* on the same day.    On September 13, 1912, something over two months after *Renholt* reached the age of twenty-one years and over three months after the making of the orders mentioned, he and his mother filed a petition in the circuit court for an order extending the time for taking an appeal from such orders.    The circuit court denied the application, and from that denial this appeal is taken.    The application for the order extending the time within which to appeal set forth as an excuse for not taking

the appeal within sixty days from the making of the order that *Renholt* was a minor until July 2, 1912, and before and after that date ignorant and inexperienced in the making of contracts and business and legal matters, and did not know or comprehend just what was done in the county court except that there was a settlement before the judge, and he did not understand what the effect of such orders was, or that an appeal could be taken or that he could appeal, and did not know that he had any serious injuries at the time of settlement, and relied upon what Dr. O'Brien and one Meyers told him regarding his chances of recovery. He had no legal advice concerning his rights until September 8, 1912. The physician who attended him, Dr. O'Brien, was an employee of and paid by *Whitney Brothers Company* and an employers' liability company interested, and the settlement was negotiated by one Meyers, representing himself as an agent for the insurance company which insured *Whitney Brothers Company* against such accidents. That the mother of *Renholt* is an uneducated woman, cannot read English, and speaks that language but imperfectly, and has had no business or legal experience and is poor, and that his father was in the employment of *Whitney Brothers Company* and was unwilling to have anything to do with the matter of the settlement for fear he might lose his job, which he had held for some years. *Whitney Brothers Company* had not at the time of *Renholt's* injury or before accepted the provisions of ch. 50, Laws of 1911, although it then had in its employment in which *Renholt* was engaged more than four employees.

The statute under which the application to extend the time was made, sec. 4035, permits such extension in cases where the person desiring to appeal shall from any cause without fault on his part have omitted to take the appeal according to law, that is within the sixty days allowed for that purpose. In such case the circuit court may, if it shall appear

that justice requires a revision of the case, allow an appeal to be taken, provided the petition therefor shall be filed in the office of the clerk of the circuit court within one year after the act complained of. This statute confers a discretionary power upon the circuit court, and in order to reverse its decision it must appear that the circuit court abused that discretion. *Roemer v. Schmidt,* 134 Wis. 1, 114 N. W. 127; *Maxcy v. Ellison,* 132 Wis. 389, 112 N. W. 424.

It is apparent that the compromise and settlement was made with great formality and deliberation and acquiesced in for a considerable time. The injury must have been quite severe, although there was no obvious or apparent indication of permanent incapacity. There was an abdominal operation for some purpose not clearly disclosed, and *Renholt* continued to feel soreness and pain after the settlement which has continued ever since and recently has slightly increased, and at no time since the settlement has it decreased. There is also a weakness in the lower part of the abdomen, which weakness increases with exertion—lifting, reaching, or other motions of the body. In August, 1912, *Renholt* began to suspect that he was ruptured, and upon describing his feelings to friends they confirmed him in this opinion, whereupon he consulted an attorney on September 5, 1912, and on the same day submitted to an examination by a physician, who informed him that he had a severe hernia and that his work was attended with great danger of increasing this. *Mary Gustafson* submitted an affidavit corroborating the statements in that of *Renholt,* and Dr. Orchard, the physician who examined *Renholt,* on September 8, 1912, submitted an affidavit that he found *Renholt* had a serious hernia or rupture and the same was likely to increase and must necessarily interfere with his work as a laboring man, and that necessary exertions were liable to greatly extend this hernia and cause the same to be strangulated and lead to

other dangerous complications; that it is possible an operation might relieve the rupture, but a certain percentage of such operations are failures, and that the operation would be a serious one, attended with some danger. As appeared from the petition of the guardian for leave to settle, the injury was incurred by *Renholt* in going to his place of work as fireman on a pile-driving engine. He approached the pile-driver, walking along the top of the piles which had been driven into the ground. The top of one of these piles upon which he stepped had been sawed through by the other employees of *Whitney Brothers Company* within about one foot of the top, but the piece sawed off had not been removed from the pile, and when *Renholt* stepped upon it it gave way and he fell, sustaining an injury to the abdomen.

If the circuit court had extended the time to appeal, his order to that effect would undoubtedly be affirmed; but we discover no abuse of discretion in his refusal. The proceedings were *ex parte*. They disclose the capacity of and the probability of a serious contest as to good faith of the opinions and representations made by O'Brien and Meyers, and no great assurance that *Renholt* could upset the settlement made. This is the very situation that the statute is intended to cover, set at rest, and conclude by a settlement made before an impartial public officer and under authority of the statutes referred to. If the authorization of the county judge was obtained by fraud upon the court, *Renholt* is not without remedy, but otherwise he must, like other suitors under like circumstances, be controlled by the discretion of the circuit court with reference to the time of appeal.

*By the Court.*—Order affirmed.