## WILL OF McGINTY.

*February 12—March 9, 1920.*

*Wills: Permission to appeal to circuit court from order admitting will to probate: Discretion of court.*

1. An application to the circuit court for leave to appeal under sec. 4035, Stats., authorizing the circuit court to allow appeals from the county court by a person who omitted to take his appeal according to law, without fault on his part, is addressed to the sound discretion of the court, and the supreme court will not reverse an order denying such an appeal unless it appears that such discretion was abused.

2. The rule of *Groner v. Hield,* 22 Wis. 200, that if the petition for leave to appeal states a *prima facie* case counter affidavits will not be considered, has been modified by subsequent decisions; but every application to permit an appeal is addressed to the discretion of the circuit court.

3. On the record and papers accompanying an application by attorneys, to whom an absent heir had intrusted his business affairs before leaving, to permit an appeal in order to show that the testatrix was mentally incapable of making a will, it is *held* that the conclusion of the circuit court that justice does not require a revision of the judgment of the county court is warranted by the evidence.

APPEAL from an order of the circuit court for Waushara county: BYRON B. PARK, Circuit Judge. *Affirmed.*

Alice McGinty died September 23, 1918, at Wautoma, leaving surviving Thomas Bagley and *John Bagley,* her only heirs at law. Thomas Bagley disappeared many years ago and has not been heard from for more than fifteen years, but has never been adjudged legally dead. On October 26, 1918, *Katherine Tyler* applied to the county court of Waushara county for allowance of the will of Alice McGinty. Due notice was given, and the will was admitted to probate on the first Tuesday of November, 1918, there being no appearances at the hearing except on behalf of the proponent. After the expiration of sixty days and on May 9, 1918, application was made by Fisher & Cashin, as attorneys for *John Bagley,* for an order allowing an appeal from the order of the county court admitting the will to

probate. Upon the hearing the petition was denied, and from the order denying the petition this appeal is taken.

For the appellant there was a brief by *Fisher & Cashin* of Stevens Point, and oral argument by *W. E. Fisher.*

For the respondent there was a brief by *E. F. Kileen* of Wautoma, attorney, and *Goggins, Brazeau & Goggins* of Grand Rapids, of counsel, and oral argument by *Mr. B. R. Goggins* and *Mr. Kileen.*

ROSENBERRY, J. It appeared that *John Bagley,* upon whose behalf the petition was made, had not been heard from since the death of Alice McGinty, and there is nothing to indicate that *John Bagley* knew of the will prior to his disappearance or that he has learned of it since that time. The circuit court's decision in denying the petition is as follows:

"The authority to make this petition for the relief asked for as set forth in the petition is that '*John Bagley* left all of his matters to the care of the said firm of Fisher & Cashin as his attorneys.'

"Mr. Redfield testified that he last saw *John Bagley* the latter part of May, 1918; that *John Bagley* then knew of his uncle's death and wanted Mr. Redfield to go with him to Sioux Falls. That he talked with Mr. Redfield about his uncle's death and his inheritance from him. That they arranged to go to Sioux Falls together. That *John Bagley* said that he wanted him to look after all of his affairs. That the only affairs he was talking about was his property and his inheritance from his uncle, and the Portage county litigation over the money evidenced by the certificates of deposit given by the Citizens National Bank of Stevens Point in the joint name of Kate Bagley and Alice McGinty.

"This can only mean that *Bagley* meant that they, his attorneys, should take care of his interests as they were. It constitutes no authority to his attorneys to commence this proceeding.

"*Mr. Bagley* may now be dead. The presumption is, however, that he is alive. If he should return he might approve and ratify what has been done, or he might not.

The executor of the will and the residuary under the will should not be subjected to the hazard of such a venture. That the attorneys felt the moral obligation to make the attempt justifies them, perhaps, in commencing as they have; but that consideration will not warrant the court in permitting the appeal to be taken.

"Admitting the authority of the attorneys for the purpose of considering the mental capacity of the testatrix:

"*It is held* that the showing of the executrix is such that it is extremely doubtful that this court would, in the exercise of its discretion, be sustained in holding that the appeal should be allowed under the statute on the ground of the alleged mental incapacity of Alice McGinty."

The application was denied.

The application was made under the provision of sec. 4035, Stats.:

"If any person aggrieved by any act of the county court or commissioners to examine claims shall, from any cause without fault on his part, have omitted to take his appeal according to law the circuit court of the same county may, if it shall appear that justice requires a revision of the case, on the petition of the party aggrieved and upon such terms and within such time as it shall deem reasonable, allow an appeal. . . .".

An application to the circuit court under the provisions of this section is addressed to the sound discretion of the court, and this court will not reverse the order of the circuit court denying such appeal unless it appears there has been an abuse of discretion. *Gustafson v. Whitney Bros. Co.* 154 Wis. 8, 141 N. W. 1008. See, also, *Deering H. Co. v. Johnson,* 108 Wis. 275, 84 N. W. 426; *Perry v. Scaife,* 126 Wis. 405, 105 N. W. 920; *McKenney v. Minahan,* 119 Wis. 651, 97 N. W. 489; *O'Hara's Will,* 127 Wis. 258, 106 N. W. 848.

We have carefully examined the record and papers upon which the application was made, and are of the opinion that the circuit court was right, and that the evidence not only sustains but warrants the determination that justice does

not require a revision of the determination of the county court. No useful purpose would be served by an extended statement of the facts. We have given the matter careful consideration, and although in this case there was no trial, the rule of *Gromer v. Hield,* 22 Wis. 200, has been modified by subsequent decisions. In *McKenney v. Minahan,* 119 Wis. 651, 97 N. W. 489; *Perry v. Scaife,* 126 Wis. 405, 105 N. W. 920, and *Will of Stark,* 149 Wis. 631, 134 N. W. 389, applications were granted where there was no trial, but in these cases it is distinctly held that the application is addressed to the sound discretion of the circuit court.

*By the Court.*—Order affirmed.