## Finsterer's Estate.

*Wills—Devise—Gift to wife for life—Remainder to testator's heirs and next of kin.*

Where testator gives his property, consisting of real estate, to his wife for life, and directs that upon her death it shall be sold and one-half of the proceeds shall go to his wife's heirs-at-law or next of kin and the second half to his own heirs-at-law or next of kin, the wife does not take any part of the second half of the proceeds as an heir-at-law or next of kin of her husband, but upon her death it goes to the testator's heirs-at-law.

Exceptions to adjudication of HENDERSON, J. O. C. Phila. Co., Jan. T., 1924, No. 495.

From the record it appeared that testator died in 1892, leaving to survive him his wife, Marie, but no children. The widow subsequently married Charles C. Mayer, and died on Sept. 8, 1908, without issue, leaving her second husband to survive her. John Finsterer, testator, owned the premises No. 2424 North 5th Street, in Philadelphia. By his will he gave and devised all of the residue of his estate to his wife for life, and then directed as follows: "Immediately after the decease of my said wife, I do order and direct that the said rest, residue and remainder of my said estate . . . shall be converted into cash, which shall be divided into two equal parts, one of which said equal parts I give and bequeath to the heirs-at-law or next of kin of my said wife Marie, and the other equal part thereof I do give and bequeath unto my heirs-at-law or next of kin."

Finsterer's Estate.

Henry P. Orlemann, administrator *c. t. a.* of Charles C. Mayer, husband of Marie, claimed the proceeds of the second half on the ground that Mayer's wife was an heir-at-law of her first husband. The Auditing Judge refused the claim and awarded the second half of the proceeds to the testator's nephew, his sole heir-at-law.

*Springer H. Moore,* for exceptant; *Matthew L. Barrett, Jr.,* contra.

GEST, J., Nov. 20, 1925.—The adjudication of the Auditing Judge is in accordance with the decision of Judge Penrose in Keys's Estate, 4 Dist. R. 134, and Keys's Estate (No. 1), 4 Dist. R. 281. The gift in that case, indeed, was made simply to the heirs of the widow at her death, while here the gift is to her heirs-at-law or next of kin, but the difference would appear to be immaterial under Serfass *v.* Serfass, 190 Pa. 484.

The exceptions are, therefore, dismissed and the adjudication is confirmed absolutely.

THOMPSON, J., was absent and VAN DUSEN, J., did not sit.