George J. Gould, by his last will and testament, gave the residue of his estate to the complainants, in trust:
"To divide the principal thereof into ten (10) equal shares and to designate, hold and invest one of such shares for each of my children, Kingdon Gould, Marjorie Gould Drexel, Jay Gould, Vivien Decies, George J. Gould, Jr., Edith Gould Wainwright and Gloria Gould, and to collect and receive and pay or apply the rents, interest and income from the part or share so set apart for each child to his or her use during his or her life; and upon the death of any of said children to pay, assign, transfer or convey the part or share so held in trust for him or her to his or her issue in such proportions and at such times as he or she shall appoint in and by his or her last will and testament; and failing such testamentary disposition, then to his or her next of kin in accordance with the provisions of the statutes of distribution then in force in the State of New Jersey."
His daughter, Vivien, died February 3d 1931, intestate, leaving three children and her husband, Lord Decies. At that time the statutes of distribution provided:
"169. The whole surplusage of the goods, chattels and personal estate of which any person shall die intestate shall be distributed in manner following, that is to say:
"One-third part of the said surplusage to the husband or widow, as the case may be, of the intestate, and all the residue, by equal portions, to and among the children of such intestate, and such persons as legally represent any of such children, who may be then dead." * * *
Query: Is Lord Decies entitled to participate in the distribution? That depends upon whether the testator intended he should, as found in his written instructions to the trustees.
Husband and wife are not kin to each other and ordinarily do not take, one from the other. The phrase, next of kin, in its natural and primary sense, means nearest in degree of blood relationship. In our jurisprudence it has acquired a secondary meaning, where there are indications that the phrase has not been used in its natural sense, denoting those who take *Page 413 
under the statutes of distribution. By the great weight of adjudicated cases, next of kin simpliciter, admits of but a single interpretation — blood relationship, although there is authority, commanding respect, holding that it signifies distributees under the statute. That the term, without more, means those of the blood only, was espoused in Barrett v.Egbertson, 92 N.J. Eq. 118, and recently rejected in In reYoung, 113 N.J. Eq. 233. The precise point is not here involved. If the direction to pay Vivien's share, upon her failure to appoint, "to * * * her next of kin in accordance with the provisions of the statutes of distribution, then in force in the State of New Jersey," is an original gift, then, upon authority, the husband now takes as statutory next of kin. Duffy v.Hargan, 62 N.J. Eq. 588. In that case Vice-Chancellor Stevens observed that, "* * * It is held in all the cases that if there be any indication in the will that the testator intends that the next of kin shall be deemed to be such as would take under the statutes of distribution, this intent shall prevail." A bequest of personal property to heirs-at-law means those who take that specie of property under the statutes of distribution. Meeker
v. Forbes, 84 N.J. Eq. 271. There it was held that widows took as "heirs-at-law" under the statutes, and husbands did not; husbands at that time were not, as now, distributees under the statutes.
Our view is that the further direction to pay to the next of kin, is a mere extension of the direction to pay Vivien's share to her issue. The absolute gift is to her issue, subject to her power to apportion it among them and to fix the time of enjoyment; if she failed to exercise the power, the share is to be distributed among them, her next of kin, in accordance with the statutes of distribution. The testator's intention is not obscure. The gift, in its initial expression, to the issue of his daughter, Vivien, is persuasive that they alone were the objects of his bounty, precluding her husband as a matter of law; for, had Vivien exercised the power, he could not have been included as a distributee. The children answer both descriptions, issue and next of kin, and the terms were used synonymously, as indeed they might well be. Had the testator used issue, instead of next of kin, in his directions to pay *Page 414 
the share in accordance with the statute, upon failure of Vivien to make the distribution, there could be no question of Lord Decies' elimination as a distributee. And it would be straining construction to hold that, having given Vivien's share to her issue, which, upon exercise of the power of distribution, would have excluded her husband, the testator meant to let him in as "next of kin, in accordance with the provisions of the statutes of distribution, then in force in the State of New Jersey," if she failed to exercise the power. In the circumstances, the formula cannot be regarded as signifying a gift to distributees under the statute. We treat it as a gift to the issue of Vivien, who answered the description of her next of kin under the statute.
The trustees are directed to distribute the fund among Vivien's children, her next of kin, in the statutory measure, as if Lord Decies had not survived.